RICHARD CURRAN *v.* THE STATE.*

(*Nashville.*  December Term, 1927.)

Opinion filed April 14, 1928.

1. CRIMINAL LAW.  VERDICT.  PRESUMPTION ON APPEAL
   APPROVAL OF TRIAL JUDGE.

From the earliest history of this State, the Supreme Court has
   reviewed the action of the trial judge in refusing to set aside a
   verdict of conviction in a criminal case, on the ground that the
   evidence was not sufficient to establish the guilt of the accused;
   but in so doing the rule has always been that the presumption of
   innocence is removed by the verdict, and a presumption of guilt
   established, so that to entitle the convicted defendant to a re-
   versal by the reviewing court, he must show that the preponder-
   ance of the evidence is against the verdict and in favor of his
   innocence; but the more recent opinions of this Court show clear-
   ly that the presumption of guilt is created by the verdict of the
   jury and its approval by the trial judge—the approval of the
   trial judge is necessary, and the verdict alone is not sufficient.
   (Post, p. 4.)

Citing: Cooper v. State, 123 Tenn. (15 Cates), 37; Mahon v. The
   State, 127 Tenn. (19 Cates), 535-549; Dennis v. The State, 137
   Tenn. (10 Thomp.), 543.

2. CIVIL CASES.  APPROVAL OF VERDICT.  APPEAL.  RE-
   VIEW.

The rule that a verdict in a civil case will not be disturbed on
   appeal when supported by any material evidence "is based main-
   ly upon the consideration that the circuit judge has approved the
   verdict because satisfied with it, and not because he has ap-
   proved it, although dissatisfied with it.  (Post, p. 12.)

Citing: Turner v. Turner, 85 Tenn. (1 Pick.), 387; Tennessee Coal
   & R. R. Co. v. Roddy, 85 Tenn. (1 Pick.), 400-403; Telephone

& Telegraph Co. v. Smithwick, 112 Tenn. (4 Cates), 463; Vaulx v. R. R., 120 Tenn. (12 Cates), 316.

3. TRIALS. DUTY OF TRIAL JUDGE. APPEAL.

Under our system, (a) the trial court exercises the function of a thirteenth juror; (b) he must weigh the evidence, pass upon the issues and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial, and (d) he must be satisfied, as well as a jury (meaning, in a criminal case, satisfied that the defendant is guilty). (Post, p. 13.)

Citing: Durant v. State, Manuscript opinion filed at Nashville May 2, 1925; Telegraph & Telephone Co. v. Smithwick, 112 Tenn. (4 Cates), 463; Vaulx v. Railroad, 120 Tenn. (12 Cates), 316.

4. TRIALS. DUTY OF TRIAL JUDGE. APPEAL. PRESUMPTION OF APPROVAL OF VERDICT.

Under our system the trial court is the forum in which the guilt or innocence of a defendant is primarily determined. The presiding judge wields the scales of justice between the State and the defendant, and where, in his opinion, the defendant is not proved guilty, it is his duty to grant him a new trial. When the trial court simply overrules a motion for a new trial presumably he approves the verdict, but such is not the case where he affirmatively states that he passes upon neither the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him. (Post, p. 15.)

Citing: Durant v. State, Manuscript opinion filed at Nashville, May 2, 1925.

---

*Headnotes 1. Criminal Law, 17 C. J., section 3560. 2. ———.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County. —HON. FRANK M. GARARD, Judge.

J. D. B. DEBOW and JACK NORMAN, for plaintiff in error.

W. F. BARRY, JR., for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the court.

The plaintiff in error, Richard Curran, was found guilty in the Criminal Court of Davidson County of the crime of rape, and was sentenced to the penitentiary for a period of twenty-five years. He has appealed to this court, and, in addition to his assignments of error that the·evidence preponderates against the verdict and in favor of his innocence, he assigns as error that the learned trial judge should have set aside the verdict and should have granted a new trial because he himself was not satisfied with the verdict, as shown by the language employed in overruling the motion for a new trial, as follows:

"Now, the defendant in this case said he didn't do anything wrong that night and the girl said he did. That was a question for the jury to decide; at least, I feel that way about it. There were only two parties there and it comes down to one on each side. As to whether that was done or whether it was not done, I am not saying it was and I am not saying it was not. The jury had this before them as to the veracity of the defendant on one side and the prosecutor on the other, and of course, before they could have reached their conclusion as to guilt on this they would have had to have accepted one and rejected the other. It is the opinion of the Court they must have looked at it from that standpoint, otherwise they couldn't have reached their conclusion and verdict. . . .

"I feel there is no error in the record sufficiently to sustain it and I will have to overrule the motion."

As indicated by the trial judge in the foregoing quotation, the issue of fact submitted to the jury depended upon the credibility of the prosecuting witness and of the plaintiff in error.

The plaintiff in error testified that the prosecuting witness, who was an employee of a Nashville Hosiery Mill, flirted with him and accepted his invitation to drive with him on the evening of the same day; that she voluntarily accompanied him on the ride, and that no act of intercourse occurred between them; that he frequently saw and talked to the prosecuting witness thereafter; that about three weeks later she informed him that she was pregnant and demanded that he marry her; that the prosecution followed his refusal to accede to this demand.

A large volume of evidence was offered by the plaintiff in error, tending to impeach both the credibility and the moral character of the prosecuting witness, and to corroborate his testimony as to her friendly attitude toward him after the date of the alleged rape and before his refusal to marry her.

On the other hand, the prosecuting witness testified that the plaintiff in error had paid her attention for sometime before the date of the alleged rape, and had given her to understand that he was interested in her and held matrimony in prospect; that she went with him on the night in question, intending to go to church, but that, over her protest, the plaintiff in error drove to a secluded lane and raped her, under circumstances described by her as extremely brutal and revolting. She testified that she notified her sister of the occurrence on the following morning, and that the facts were communicated to her parents, at White Bluff, Tennessee, as soon

as possible, and that the institution of the prosecution was begun as soon as the condition of health of her father permitted. She denied that she had any communication with the plaintiff in error between the date of the alleged crime and the institution of the prosecution, and denied that she endeavored or desired to have the plaintiff in error marry her. Many corroborating witnesses were introduced.

The record is such that it is impossible for a reviewing court, by analysis and examination of the large volume of testimony on the primary and collateral issues, to arrive at a conclusion with any degree of certainty or conviction. In a case of this character, even more than in the ordinary case, the appearance and demeanor of the principal witnesses will necessarily have much influence in the weight and credit to be accorded their testimony. This greatly increases the responsibility of the trial judge.

(1) From the earliest history of this State, the Supreme Court has reviewed the action of the trial judge in refusing to set aside a verdict of conviction in a criminal case, on the ground that the evidence was not sufficient to establish the guilt of the accused; but in so doing the rule has always been that the presumption of innocence is removed by the verdict, and a presumption of guilt established, so that to entitle the convicted defendant to a reversal by the reviewing court, he must show that the preponderance of the evidence is against the verdict and in favor of his innocence.

In the statement of this rule of appellate procedure, the more recent opinions of this court show clearly that the presumption of guilt is created by the verdict of the jury and its approval by the trial judge. The approval

of the trial judge is necessary, and the verdict alone is not sufficient. *Cooper* v. *State,* 123 Tenn., 37, 60; *Mahon* v. *State,* 127 Tenn., 535, 549; *Dennis* v. *State,* 137 Tenn., 543.

(2) In civil cases at law it has been repeatedly held that the appellate courts will not review the sufficiency of the evidence to sustain a verdict, unless the verdict has received the approval of the trial judge, and in *Turner* v. *Turner,* 85 Tenn., 387, this court said that the rule that a verdict will not be disturbed on appeal when supported by any material evidence "is based mainly upon the consideration that the Circuit Judge has approved the verdict because satisfied with it, and not because he has approved it, although dissatisfied with it."

In *Tennessee Coal & Railroad Company* v. *Roddy,* 85 Tenn., 400, 403, this court said:

"The Court attaches great weight to the fact that the Circuit Judge, having seen and heard the witnesses testify, and having submitted the case to a jury known to himself, has stamped the verdict with his approval by refusing to grant a new trial. Much of the importance and weight attached to jury trials proceeds from the presumption that an intelligent and learned Circuit Judge, accustomed to weighing evidence, has scrutinized the proof, looked into the faces of the witnesses, and indorsed the action of the jury. The integrity and value of jury trial will largely disappear if Circuit Judges shall endeavor to avoid the duty imposed upon them by law in this regard."

This duty and responsibility of the trial judge was considered at length, and the authorities thereon cited, in *Telephone & Telegraph Co.* v. *Smithwick,* 112 Tenn., 463, and in *Vaulx* v. *Railroad,* 120 Tenn., 316.

*(3)* In the case of *Durant* v. *State,* Manuscript Opin-
ion, filed May 2, 1925, this court reversed a conviction
for rape, because the trial judge, in overruling the mo-
tion for a new trial, said:

"I am of the opinion that the proof is sufficient to war-
rant the verdict of the jury, and I am glad that I do not
have to pass upon the question of the guilt or innocence
of the defendant, but simply on the question as to wheth-
er the proof justifies the verdict, and it is my opinion that
it does, and I, therefore, overrule the motion for a new
trial."

In the manuscript opinion above cited, Mr. Justice Mc-
KINNEY reviewed the authorities hereinabove cited, and
said:

"In these cases the substance of the court's holding
was that, under our system, (a) the trial court exercises
the function of a thirteenth juror; (b) that he must weigh
the evidence, pass upon the issues and decide whether
they are supported by the evidence; (c) where he fails
to do this the case will be reversed and remanded for a
new trial, and (d) 'that he must be satisfied, as well as
the jury' (meaning, in a criminal case, satisfied that the
defendant is guilty).

"It is true that the trial court did not disapprove of
the verdict. But, upon the other hand, he did not exer-
cise the function of a thirteenth juror, and did not pass
upon the issue in the case, viz: the guilt of the defendant.

"For the reasons set forth in the foregoing cases, this
court gives great weight to the findings of the trial court
upon the issues involved.

"If in a civil case, where only property rights are in-
volved, it is incumbent upon the trial court to pass upon
the issues, how much more important it is for the court

to pass upon the issues in a criminal case where the life and liberty of the citizen is involved. Hence the rule requiring the trial court to approve the verdict of the jury in criminal cases.

(4) "Under our system the trial court is the forum in which the guilt or innocence of a defendant is primarily determined. The presiding judge wields the scales of justice between the State and the defendant, and where, in his opinion, the defendant is not proved guilty, it is his duty to grant him a new trial. When the trial court simply overrules a motion for a new trial presumably he approves the verdict, but such is not the case where he affirmatively states that he passed upon neither the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him."

In the case now before the court the statement of the trial judge expressly discloses his conception that no responsibility lay upon him to determine the truth or falsity of the testimony of the prosecuting witness that the rape was, in fact, committed, and he expressly disclaimed any opinion upon the issue of fact submitted to the jury. The verdict, therefore, did not receive that approval of the trial judge which was required by the foregoing authorities, as a condition precedent to the rendition of judgment.

The judgment will accordingly be reversed, and the case remanded for a new trial.

The original exhibits filed with the transcript will be returned to the clerk of the trial court, in order that they may be used on another trial, if desired.