STATE *ex rel.* RICHARDSON *v.* KENNER *et al.*

*(Knoxville,* September Term, 1937.)

Opinion filed Oct. 6, 1937.

PHILLIPS & HALE and C. W. MARGRAVES, all of Rogersville, for plaintiffs in error.

W. T. COLEMAN, of Morristown, for the State ex rel. Richardson.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The State instituted a suit aginst each of the four defendants for the purpose of removing them from membership on the county board of education of Hawkins county for improper conduct in office. The four cases were consolidated for hearing, the issues submitted to a jury who found against the defendants, and a decree was entered removing them from office. Upon the motion for a new trial it appears from the record that the court and the respective counsel engaged in quite a lengthy colloquy as to granting a new trial. The court's conception as to his duty in this regard is summarized by him in his closing remarks in the Pearson case as follows:

"I was trying to justify the jury's verdict from the evidence. I have great respect for a jury's verdict, and if there is any evidence on which to sustain a jury's verdict I would so do. Not only in this case but in every

other case. When twelve men pass on a proposition I rarely ever grant a new trial if there is any evidence to support it and that satisfies the court's mind.''

This, under the decisions of this court and our system of jurisprudence, is a misconception of the duty and responsibility of the trial court. It is unnecessary to elaborate upon the subject, it being sufficient to quote from several of our decisions. A case directly in point is that of *Nashville, C. & St. L. Railroad* v. *Neely*, 102 Tenn., 700, 52 S. W., 167, 168, from which we quote as follows:

" 'The court then overruled the motion for a new trial, *stating that the facts in the case were considerably mixed, but that it was a rule of his to rarely invade the province of the jury in setting aside their verdicts, if there were any substantial facts to support the same.'*

"The concluding part of this recital, which we have italicized, discloses erroneous action on the part of the court. It shows a misconception of the respective functions of the court and jury in regard to the evidence, and gives unwarranted weight to the verdict. It was incumbent on the trial judge, in passing upon the motion for a new trial, to weigh the evidence for himself, and decide whether or not the verdict, when reduced to $2000, was warranted thereby, and it would not have been an invasion of 'the province of the jury' for him to do so. It was his province, and his alone, to decide that question. The case had passed from the jury, and had reached that stage in which the judge must approve or disapprove the verdict; and, 'in discharging that exclusive and independent duty, he must unavoidably determine for himself, after giving all due weight to the verdict of the jury, whether or not the evidence intro-

duced was sufficient to sustain that verdict.' *Railroad* v. *Brown,* 96 Tenn., 559, 35 S. W., 560.

"His honor seems to have gone far enough, in his consideration of the evidence to conclude that there were some 'substantial facts to support' the verdict, and, deeming that sufficient, he considered the evidence no further. That was a misapplication of a familiar rule of long standing in the practice of this court, but wholly inapplicable in *nisi prius* courts. Indeed, that rule, as here applied, is based upon the fact that both the trial judge and the jury have carefully weighed the evidence, and that while doing so they have had more favorable opportunities of ascertaining the truth than this court can have. *Tate* v. *Gray,* 36 Tenn. (4 Sneed), [591], 592; *England* v. *Burt,* 23 Tenn. (4 Humph.), [399], 400; *Nailing* v. *Nailing,* 34 Tenn. (2 Sneed), [630], 631; *Vaulx* v. *Herman,* 76 Tenn. (8 Lea), 683; *Turner* v. *Turner,* 85 Tenn., [387], 389, 3 S. W., 121; [*Tennessee Coal &*] *Railroad* v. *Roddy,* 85 Tenn., [400], 403, 5 S. W., 286.

"The rule is applicable only when the trial judge has concurred in the finding of the jury, and is never to be applied to a mere verdict.

"Reverse and remand."

In *Curran* v. *State,* 157 Tenn., 7, 13, 14, 4 S. W. (2d), 957, 958, it was said:

"In the case of *Durant* v. *State,* Manuscript Opinion, filed May 2, 1925,[1] this court reversed a conviction for rape, because the trial judge, in overruling the motion for a new trial, said:

" 'I am of the opinion that the proof is sufficient to warrant the verdict of the jury, and I am glad that I do not have to pass upon the question of the guilt or innocence of the defendant, but simply on the question as

[1]No opinion for publication.

to whether the proof justifies the verdict, and it is my opinion that it does, and I therefore overrule the motion for a new trial.'

"In the manuscript opinion above cited, Mr. Justice McKinney reviewed the authorities hereinabove cited, and said:

" 'In these cases the substance of the court's holding was that, under our system (a) the trial court exercises the function of a thirteenth juror; (b) that he must weigh the evidence, pass upon the issues, and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) "that he must be satisfied, as well as the jury" (meaning, in a criminal case, satisfied that the defendant is guilty).

" 'It is true that the trial court did not disapprove of the verdict; but, upon the other hand, he did not exercise the function of a thirteenth juror, and did not pass upon the issue in the case, viz. the guilt of the defendant.

" 'For the reasons set forth in the foregoing cases, this court gives great weight to the findings of the trial court upon the issues involved.

" 'If, in a civil case, where only property rights are involved, it is incumbent upon the trial court to pass upon the issues, how much more important it is for the court to pass upon the issues in a criminal case where the life and liberty of the citizen is involved. Hence the rule requiring the trial court to approve the verdict of the jury in criminal cases.

" 'Under our system the trial court is the forum in which the guilt or innocence of a defendant is primarily determined. The presiding judge wields the scales of

justice between the state and the defendant, and where, in his opinion, the defendant is not proved guilty, it is his duty to grant him a new trial. When the trial court simply overrules a motion for a new trial presumably he approves the verdict, but such is not the case where he affirmatively states that he passes upon neither the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him.'

"In the case now before the court the statement of the trial judge expressly discloses his conception that no responsibility lay upon him to determine the truth or falsity of the testimony of the prosecuting witness that the rape was in fact committed, and he expressly disclaimed any opinion upon the issue of fact submitted to the jury. The verdict, therefore, did not receive that approval of the trial judge which was required by the foregoing authorities, as a condition precedent to the rendition of judgment.

"The judgment will accordingly be reversed, and the case remanded for a new trial."

█ █ In *Carter* v. *Pickwick Greyhound Lines*, 166 Tenn., 200, 210, 211, 60 S. W. (2d), 421, 424, the court made this statement:

"From the foregoing it is apparent that the trial court considers the testimony evenly balanced, both as to liability and the amount of the recovery. He states unequivocally that the verdict is not sustained by a preponderance of the testimony, and, treating him as the thirteenth juror, it was his duty in this situation to grant a new trial.

"This court, in *Telephone & Telegraph Co.* v. *Smithwick*, 112 Tenn., 463, 470, 79 S. W., 803, 805, said:

"'It has been held that this court has no power to

act until the circuit judge has acted. *R. Co.* v. *Lee,* 95 Tenn., 388, 32 S. W., 249; *R. Co.* v. *Brown,* 96 Tenn., 559, 35 S. W., 560; *R. Co.* v. *Neely,* 102 Tenn., 700, 52 S. W., 167.

" 'In deciding the matter, the circuit judge is not bound to give any reasons, any more than the jury itself is bound to do so. If he does give reasons for his action, this court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon.' See, also, *Curran* v. *State,* 157 Tenn., 7, 4 S. W. (2d), 957, and *Houk* v. *Memphis Const. Co.,* 159 Tenn., [103], 109, 15 S. W. (2d), 742.

"The trial court should have been governed by the same rules which he gave in charge to the jury, viz., if the testimony was equally balanced or preponderated in favor of the defendant, he should have granted a new trial; otherwise he should have refused a new trial."

In *O. D. Andrews and General Tire & Rubber Company* v. *Georgia Bumgardner,*[1] Knox Law, a written opinion was filed by this court at Knoxville on July 6, 1937, in which it was said:

"The observation of the Court of Appeals that the scintilla rule leaves the driver of an automobile upon the highway at the mercy of an unscrupulous witness is a misconception of the situation and overlooks the fact that the trial judge is the thirteenth juror, and if the jury has been unduly swayed or influenced, or the evidence does not support the verdict, or justice is about to miscarry, it is the duty of the trial judge to set the verdict aside and grant a new trial. And he cannot evade or avoid his duty in this respect by placing the

[1]Opinion not for publication.

responsibility upon the jury. He is just as responsible as the jury for every case that is brought from his court to the appellate court. This is a wise and salutary check under our system of jurisprudence upon an inexperienced jury.''

■ ■ In the cases under consideration the trial court has said, in effect, that there is some credible evidence to support the verdict. This does not comport with the rule requiring the court, as well as the jury, to find for the petitioner by a preponderance of the evidence. And unless the trial court so finds, this court, as heretofore stated, has no power to act. We are further of the opinion that the remarks of the trial court related to all four cases.

It follows from what we have said that the decree of the trial court will be reversed, and the cases remanded for a new trial.