## PAUL WAKEFIELD v. STANLEY BAXTER, d/b/a BAXTER'S REPAIR SHOP.—297 S. W. (2d) 97.

Middle Section. June 29, 1956.

Petition for Certiorari denied by Supreme Court, December 7, 1956.

Frank P. White, Lewisburg, for plaintiff.

Chas. Wade, M. R. Brandon, Lewisburg, for defendant.

SHRIVER, J. This appeal in error raises two questions, to wit,

1. Whether or not the action of the trial judge in sustaining a motion for a new trial after a jury verdict is subject to review here.

2. Where a motion for a new trial and a motion in arrest of judgment are filed simultaneously, does the latter motion have the effect of waiving the former?

## I

Paul Wakefield brought suit for damages against Stanley Baxter in the Circuit Court of Marshall County to recover property damage resulting from an automobile accident.

The parties will be referred to as plaintiff and defendant as they appeared in the Court below.

The record shows that the summons in the instant case was issued by the Clerk of the Circuit Court of Marshall County and the test date was the third Monday in November, 1954, and it was executed by reading same to the defendant Stanley Baxter on the 17th of February 1955.

Thereafter, plaintiff filed his declaration which averred, among other things, "The plaintiff, Paul Wakefield, sues the defendant, Stanley Baxter, d/b/a Baxter's Repair Shop, for $500.00, and for cause of action says:" here follow the first and second counts of the declaration in which the facts upon which the case rested were alleged.

The declaration was filed the 16th of February 1955, and on March 23rd 1955 the defendant filed the following plea:

"The defendant, Stanley Baxter, for plea in the above styled cause, says;

"That he is not guilty of the matters and things in the plaintiff's declaration alleged.

"/s/ Malcolm Brandon
"Malcolm Brandon, Attorney for
"The defendant, Stanley Baxter."

The record discloses that the cause then came on to be heard on the 25th of March 1955 before the Court and a jury and there was a verdict in favor of the defendant.

Thereafter, on the 16th of April 1955, the plaintiff through his attorney, filed his motion for a new trial.

The trial judge sustained the motion for a new trial, to which ruling and judgment of the Court the defendant, Stanley Baxter, excepted and prayed an appeal in the nature of a writ of error to the next term of the Court of Appeals sitting at Nashville, which prayer was "denied for the present".

On the 26th of May 1955 the plaintiff filed his Wayside Bill of Exceptions setting forth in narrative form the testimony that was introduced at the first trial.

The evidence introduced on the second trial is not preserved in the record, but we do have the following minute entry:

"Came the parties, and also a jury of good and lawful men, to wit, Loyd Stagges, Bud Bowers, Paul

Wade, H. C. Harris, Aubery Fagan, John Lewis Brown, Kennard Bradford, Denis Scott, Lenzie Tomlin, Sam Wheathley, Clifford Duncan and Jack Gray, who being elected, tried, and sworn the truth to speak upon the issue joined, upon their oath do say they find the issue for the plaintiff, and assess his damages of Two Hundred Fifty-three dollars and twenty-four cents ($253.24). It is therefore considered by the Court that the plaintiff recover of the defendant two hundred fifty-three dollars and twenty-four cents ($253.24) damages, and the costs of suit.

> "Jno. D. Wiseman
> "Judge"

Thereafter, the defendant Stanley Baxter, filed his motion for a new trial setting forth several grounds and supported same with an affidavit of one of the jurors to the effect that some discussion of liability insurance was had by the jurors during their deliberations.

The record shows that this motion for a new trial, presumably affecting the second trial of the cause, was filed on the 21st day of December 1955.

On the same day, to wit, the 21st day of December 1955, said defendant, Stanley Baxter, filed his "Motion in arrest of judgment". Then the following entry appears:

"Paul Wakefield In the Circuit Court
vs. of Marshall County
Stanley Baxter No. 2143

"Comes the defendant, Stanley Baxter, by his attorneys of record on this the 6th day of February,

1956, and introduces in open Court his Motion for a New Trial, previously filed.

"Whereupon, Plaintiff, Paul Wakefield, by attorney and in open Court, shows to the Court that defendant filed a Motion in Arrest of Judgment at the same time that he filed his motion for a New Trial, and moves the Court that defendant had thereby waived his Motion for a New Trial: and it appearing to the Court that same were filed at the same time, it is held by the Court that defendant waived his Motion for a New Trial and that same can not be heard by the Court.

"The Court further finds that the Motion in Arrest of Judgment is without merit, and same is accordingly overruled.

"All of which is ordered and adjudged by the Court. Defendant excepts and prays an appeal to the next term of the Court of Appeals, which is granted on defendant perfecting his appeal and filing his bill of exceptions within 30 days.

"Jno. D. Wiseman
"Judge"

In this condition the case is before us.

## II

The assignments of error are as follows:

"1. It was error for the trial judge to grant the defendant in error a new trial."

"2. It was error for the trial judge to refuse to consider plaintiff in error's motion for a new trial."

### III

 It is seen that the first assignment complains that the trial judge committed error in granting the defendant a new trial.

Under our authorities it is the exclusive province of the trial judge to determine whether the verdict of the jury is justified by the evidence.

As is said in History of a Lawsuit, 7th Edition, by Gilreath, section 413, the rule in Tennessee makes it the duty of the circuit judge to grant a new trial whenever, in his opinion, it is against the weight of the evidence or contrary to law, and he cannot refuse it to save time or avoid the expense of another trial. See Turner v. Turner, 85 Tenn. 387, 3 S. W. 21; State ex rel. Richardson v. Kenner, 172 Tenn. 34, 109 S. W. (2d) 95, 97, and many other cases.

In State ex rel. Richardson v. Kenner,. supra, in discussing the duty of the trial judge when passing on a motion for a new trial, the Court, quoting from a manuscript opinion (by Mr. Justice McKenney) previously rendered, said:

" ' "In deciding the matter, the circuit judge is not bound to give any reasons, any more than the jury itself is bound to do so. If he does give reasons for his action, this court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon.' See, also, Curran v. State, 157 Tenn. 7, 4 S. W. (2d) 957, and Houk v. Memphis Const. Co., 159 Tenn. 103, 109, 15 S. W. (2d) 742."

▬▬▬▬▬▬▬▬▬▬

There is no merit in assignment No. 1 and it is, therefore, overruled.

## IV

▮ The only other assignment of error is, that the trial judge refused to consider the plaintiff in error's motion for a new trial. This apparently refers to the trial judge's action shown in the minute entry hereinabove quoted, wherein he held that the defendant had waived his motion for a new trial by filing, at the same time, a motion in arrest of judgment.

In Tennessee Procedure in Law Cases, Higgins & Crownover Edition, we find in section 1628, the following statement:

"The implication of a motion in arrest of judgment is that the verdict within itself is apparently valid and warranted by the evidence. The challenge goes to the foundation of the plaintiff's claim. It is for this reason that the making of a motion for a new trial along with a motion in arrest of judgment presents such inconsistency that the latter motion will be treated as overruling the former."

In a note at the bottom of the page on which the above quotation appears, we find the following:

"The filing of a motion in arrest of judgment before or simultaneously with a motion for a new trial waives the latter. Freeman v. Illinois Cent. Railroad Co., 107 Tenn. 340, 64 S. W. 1; Green v. State, 147 Tenn. 299, 247 S. W. 84, 28 A. L. R. 842; 2 Ency. Plead & Pract. 818."

The earliest reported case in Tennessee dealing with this question is that of Snapp v. Moore, 2 Tenn. 236,

wherein Mr. Justice Overton in delivering the opinion of the Court pointed out that in England a new trial could not be moved after a motion in arrest of judgment. He said:

"The reason is obvious; a motion in arrest of judgment supposes that there is not sufficient matter in the declaration to enable the Court to give judgment for the plaintiff; and to permit an inquiry whether the evidence were sufficient to maintain the action would be repugnant to the object of the motion in arrest of judgment; for, if the declaration were insufficient, it were useless to examine the evidence; it would only serve to entangle the parties in a labyrinth of difficulties contrary to that simplicity and certainty in which the law delights."

The Court concluded that a motion in arrest of judgment and a motion for a new trial could not be entertained at the same time.

To the same effect is a statement in History of a Lawsuit, Seventh Edition, (Gilbreath) Section 426.

We are of opinion that the second assignment of error is without merit and it is, therefore, overruled.

It is to be observed that the plaintiff in error here, defendant below, has filed no assignment of error attacking the action of the Trial Court in overruling his motion in arrest of judgment.

The judgment of the Trial Court is affirmed with costs.

Affirmed.

Felts and Hickerson, JJ., concur.