**Jesse James WHITE, Petitioner,**

**v.**

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

Feb. 5, 1973.

Russell X. Thompson, James E. Thompson, Hugh Stanton, Public Defender, Memphis, for petitioner.

David M. Pack, Atty. Gen., State of Tennessee, Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Dist. Atty. Gen., Memphis, Jesse Clyde Mason, Jewett H. Miller, Asst. Dist. Attys. Gen., Memphis, for respondent.

## OPINION

DYER, Chief Justice.

This case comes to this Court by grant of the writ of certiorari to the Court of Criminal Appeals, and raises the issue of

the duty and authority of the trial judge as the thirteenth juror in approving or disapproving a jury verdict.

In June, 1969, defendant White was found guilty by the jury under an indictment charging murder in the perpetration of a robbery, the jury fixing the penalty as death by electrocution. A motion for a new trial was timely filed which, inter alia, raised the issue the evidence preponderates against the verdict of guilt and in favor of the innocence of the defendant. On June 16, 1970, the following minute entry was recorded:

Comes the Attorney General on the part of the State and the defendant in proper person and by counsel of record, Mr. Russell X. Thompson and Mr. James E. Thompson; whereupon there comes on to be heard defendant's Motion for a New Trial, which Motion having been heard and fully considered by the Court is hereby OVERRULED. Thereupon, it is ordered by the Court that mittimus and execution issue on the Judgment heretofore imposed in the cause on June 19, 1969, which judgment was that he be punished at Death by Electrocution. Thereupon, the defendant prayed an appeal to the next term of the Court of Criminal Appeals sitting at Jackson, Tennessee for the Western Division of the State, which appeal is granted and the defendant is allowed Ninety (90) days in which to file his Bill of Exceptions and in which to perfect said appeal. It is further ordered by the Court that the Verdict in the above cause be reduced from Death by Electrocution to confinement for NINETY–NINE (99) YEARS IN THE STATE PENITENTIARY AT NASHVILLE, TENNESSEE.

Under date of July 7, 1970, there appears in the technical record an order signed by the trial judge designated "Order Overruling Motion for a New Trial." In this order the trial judge stated the evidence "overwhelmingly proves the guilt of the defendant beyond a reasonable doubt and to a moral certainty . . . ." Then the trial judge in this order added the following:

However, the Court, over objection of the State, heard evidence during the Motion for New Trial as to the fact that the defendant's three co-defendants pleaded guilty receiving a sentence of 99 years· in the State Penitentiary at Nashville, and it is the opinion of the Court that this defendant should receive the same punishment as the co-defendants, and that pursuant to Chapter No. 422 of the Public Acts of 1970 of the 86th General Assembly of the State of Tennessee, 1970 Session, the Court is approving the verdict herein of guilty and conditionally approving the punishment by requesting the Chief Justice of the Supreme Court of the State of Tennessee that in event that this conviction is affirmed that the Chief Justice of the Supreme Court of the State of Tennessee request the Governor of the State of Tennessee to commute the death penalty rendered herein to a sentence of 99 years in the State Penitentiary at Nashville, Tennessee, so as to be compatible to the sentences received by his co-defendants.

The Court of Criminal Appeals has reversed on the ground the trial judge as the thirteenth juror did not approve the verdict as required by law. That Court, by majority opinion, remanded the case for the jury to again fix the penalty, apparently feeling the trial judge did approve the verdict on the question of guilt or innocence.

■ The requirement the trial judge must approve the verdict in criminal as well as civil cases is well established. Curran v. State, 157 Tenn. 7, 4 S.W.2d 957 (1928); State ex rel. Richardson v. Kenner, 172 Tenn. 34, 109 S.W.2d 95 (1937); Messer v. State, 215 Tenn. 248, 385 S.W.2d 98 (1964); Halliburton v. State, 1 Tenn. Cr.App. 39, 428 S.W.2d 41 (1968).

Curran v. State, *supra,* is a leading case on the duty and authority of the trial

judge as the thirteenth juror. In the *Curran* case the jury returned a verdict of guilty of rape. Under the proof the only parties present at the time of the alleged crime was the victim and the defendant Curran. The trial judge overruled the motion for a new trial, but in so doing expressed some doubt the crime was committed, a determination which under the proof brought into issue the credibility of the testimony of the victim, and the defendant Curran. The trial judge expressly disclosed his conception that no responsibility lay on him to determine the truth or falsity of the testimony of these two witnesses. This Court reversed, holding the verdict of the jury did not receive the approval as required under our law. In the *Curran* case the Court stated:

> In the case of Durant v. State, Manuscript Opinion, filed May 2, 1925, this court reversed a conviction for rape, because the trial judge, in overruling the motion for a new trial, said:

> "I am of the opinion that the proof is sufficient to warrant the verdict of the jury, and I am glad that I do not have to pass upon the question of the guilt or innocence of the defendant, but simply on the question as to whether the proof justifies the verdict, and it is my opinion that it does, and I therefore, overrule the motion for a new trial."

> In the manuscript opinion above cited, Mr. Justice McKinney reviewed the authorities hereinabove cited, and said:

> "In these cases the substance of the court's holding was that, under our system, (a) the trial court exercises the function of a thirteenth juror; (b) that he must weigh the evidence, pass upon the issues and decide whether they are supported by the evidence; (c) where he fails to do this the case will be reversed and remanded for a new trial; and (d) 'that he must be satisfied, as well as the jury' [meaning, in a criminal case, satisfied that the defendant is guilty].

> "It is true that the trial court did not disapprove of the verdict; but, upon the other hand, he did not exercise the function of a thirteenth juror, and did not pass upon the issue in the case, viz. the guilt of the defendant.

> "For the reasons set forth in the foregoing cases, this court gives great weight to the findings of the trial court upon the issues involved.

> "If in a civil case, where only property rights are involved, it is incumbent upon the trial court to pass upon the issues, how much more important it is for the court to pass upon the issues in a criminal case where the life and liberty of the citizen is involved. Hence the rule requiring the trial court to approve the verdict of the jury in criminal cases.

> "Under our system the trial court is the forum in which the guilt or innocence of a defendant is primarily determined. The presiding judge wields the scales of justice between the state and the defendant, and where, in his opinion, the defendant is not proved guilty, it is his duty to grant him a new trial. When the trial court simply overrules a motion for a new trial presumably he approves the verdict, but such is not the case where he affirmatively states that he passes upon neither the guilt nor innocence of the defendant, and is glad that such responsibility does not rest upon him." 157 Tenn. at 13–14, 4 S.W.2d at 958.

This statement in Curran v. State, *supra,* taken from Durant v. State, is cited in State ex rel. Richardson v. Kenner, *supra;* Messer v. State, *supra,* and Halliburton v. State, *supra.*

■ ■  The teaching of these cases is that upon a motion for a new trial the issue having been raised by assignment of error to the preponderance of the evidence, the trial judge, as the thirteenth juror, must weigh the evidence and in doing so,

where necessary, determine the credibility of the witnesses in order to determine to his satisfaction that the evidence supports the verdict of the jury, which, as noted above in Curran v. State, in a criminal case means determining to his satisfaction the defendant's guilt as found by the jury.

■ The trial judge is peculiarly situated to perform this duty having seen and heard the witnesses and from these actions, that is, a verdict of the jury approved by the trial judge, springs the long accepted rule in the appellate courts that a judgment so entered removes from a criminal defendant the presumption of innocence, attaching the presumption of guilt, and that there will be no reversal on the evidence unless the defendant shows the evidence preponderates against the verdict of guilt and in favor of his innocence.

■ In the case at bar the trial judge as the thirteenth juror did weigh the evidence and under the evidence was convinced the defendant was guilty as found by the jury "beyond a reasonable doubt and to a moral certainty . . . ." This is an approval by the trial judge of the verdict of the jury as required by law.

Under T.C.A. § 39–2405 and T.C.A. § 39–2406, the matter of the punishment to be inflicted upon the defendant White was a matter solely within the province of the jury. Gohlston v. State, 143 Tenn. 126, 223 S.W. 839 (1919); Mays v. State, 143 Tenn. 443, 226 S.W. 233 (1920); Batts v. State, 189 Tenn. 30, 222 S.W.2d 190 (1946). In the *Batts* case the Court said:

> Now the effect of the Act of 1919 was to require the jury to fix the punishment —in other words, where the jury found a defendant guilty of murder in the first degree, they alone must say if he "shall suffer death by electrocution, or be im-

prisoned for life or over twenty years." Code section [39–2405].

\* \* \* \* \* \*

[In accordance with Code Section 39–2406], Following the verdict of the jury, the trial judge must enter a judgment in strict compliance with the jury's verdict. 189 Tenn. at 36–37, 222 S.W.2d at 192–193.

■ The punishment inflicted by the jury being within that allowed by law, the trial judge, as the thirteenth juror, had neither the duty nor authority to approve or disapprove. The language used in the minute entry of June 16, 1970, after overruling the motion for a new trial, which language attempts to reduce the penalty set by the jury, is a nullity; otherwise, the order is valid.

■ After the conviction of defendant White and while this case was in the appellate process, the Governor of Tennessee, acting under his constitutional authority, reduced the sentence of death by electrocution set by the jury to a term of ninety-nine years in the State Penitentiary. This is now a valid judgment against the defendant White. See Bowen v. State of Tennessee, Sullivan Criminal, 488 S.W.2d 373, released by this Court on December 18, 1972.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court as reduced by the Governor of Tennessee is affirmed.

We have considered all other assignments of error and find them without merit.

CHATTIN, HUMPHREYS, and McCANLESS, JJ., and WILSON, Special Justice, concur.