# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2000 Session

## STATE OF TENNESSEE v. GORDON SCOTT KATZ

**Appeal as of Right from the Criminal Court for Anderson County**
**No. 95CR0053     James B. Scott, Jr., Judge**

---

**No. E1999-01220-CCA-R3-CD**
**October 2, 2000**

---

The appellant, Gordon Scott Katz, was found guilty by a jury in the Criminal Court of Anderson County of one count of auto burglary, a class E felony, and one count of theft under $500, a class A misdemeanor. Subsequently, the trial judge granted the appellant's motion for judgment of acquittal. The State appealed. This court reversed the trial court's judgment of acquittal and remanded for further proceedings. The appellant then moved for a new trial. The trial court denied the appellant's motion for new trial, stating that the opinion of this court mandated a reinstatement of the jury's verdict. The appellant appeals and presents the following issues for our review: (1) whether the trial court erred in ruling that the previous order of the Court of Criminal Appeals required denial of the motion for new trial; (2) whether the indictment in this case is fatally defective such as to require dismissal of this charge; (3) whether the evidence of intent to commit a felony is insufficient to support the conviction; and, (4) whether the evidence of intent to deprive the owner is insufficient to support the conviction. Upon review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded for New Trial.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and JAMES CURWOOD WITT, JR., J.J. joined.

Nancy Meyer, Clinton, Tennessee, for the appellant, Gordon Scott Katz.

John Knox Walkup, Attorney General and Reporter, Michael J. Fahey, II, Assistant Attorney General, Michael E. Moore, Solicitor General, Elizabeth B. Marney, Assistant Attorney General, and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Factual Background

On September 2, 1994, the appellant, Gordon Scott Katz, argued with his girlfriend, Alicia Miller, while she was working at the County Seat apparel store in Oak Ridge Mall. Miller

asked the appellant to leave so that she would not get in trouble with her supervisor. The appellant became agitated, but complied. Because Miller remembered how annoyed the appellant had been earlier that evening, she requested that mall security officers accompany her to her car after she left work. Miller unlocked her car and noticed the smell of alcohol. She asked the security guards to come closer to the car and they subsequently discovered the appellant hiding in the hatchback trunk of Miller's car. When the appellant got out of the vehicle, he had some jewelry in his hand that he and Miller had frequently fought about. Miller requested that the security guards let him go, saying, "It's all right." The security guards allowed the appellant to walk away from the parking lot. Subsequently, Miller drove to her grandparent's house.

Later that evening, the appellant went to Miller's grandparent's house. There was an altercation and the police were called. Alicia Miller and her mother, Susan Miller, requested that the appellant be prosecuted for stealing Alicia's jewelry and for breaking into Alicia Miller's car. They further stated that they had found a straightened coat hanger in the car that the appellant had used to gain entry into the locked vehicle.

The appellant was indicted on charges of auto burglary and misdemeanor theft. The appellant and the State attempted to enter a plea agreement, but the trial court rejected the plea because it was made past the court's plea deadline. The appellant was brought to trial on December 5, 1995. The jury found the appellant guilty of one count of auto burglary, a class E felony, and one count of theft under $500, a class A misdemeanor. Subsequently, the trial judge granted the appellant's motion for judgment of acquittal. The State appealed. This court reversed the judgment of acquittal, finding that there was sufficient evidence to convict the appellant, and remanded for further proceedings.

The appellant moved for a new trial. The trial court denied the appellant's motion for new trial, stating that the opinion of this court mandated a judgment reinstating the jury's verdict. The appellant contends that the trial court erred by refusing to grant his motion for new trial. The appellant presents the following issues for our review: (1) whether the trial court erred in ruling that the previous order of the Court of Criminal Appeals required denial of the motion for new trial; (2) whether the indictment in this case is fatally defective such as to require dismissal of this charge; (3) whether the evidence of intent to commit a felony is insufficient to support the conviction; and, (4) whether the evidence of intent to deprive the owner is insufficient to support the conviction.[1]

## II. Analysis
### A. Motion for New Trial

The appellant contends that the trial court erred in ruling that the previous order of the Court of Criminal Appeals required denial of the motion for new trial. Specifically, the appellant maintains that the trial court failed to exercise his role as the thirteenth juror before denying the appellant's motion for new trial.

---

[1] Because we find merit in the appellant's claim that the trial court erred in denying the appellant a new trial, we decline to examine the appellant's claims of insufficient evidence.

A trial court determines, and this court reviews, a motion for judgment of acquittal by the same standard used to determine the sufficiency of the evidence; i.e., whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Gillon, 15 S.W.3d 492, 496 (Tenn. Crim. App. 1997). Moreover, the State is entitled to the strongest legitimate view of the evidence and any reasonable inferences which might be drawn therefrom. Id. Furthermore, in a motion for judgment of acquittal, the trial court is only concerned with the legal sufficiency of the evidence. State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995).

However, in performing the duties of a thirteenth juror, the trial court is concerned about whether the verdict is supported by the weight of the evidence presented at trial. State v. Moats, 906 S.W.2d 431, 433-435 (Tenn. 1995). Furthermore, Tenn. R. Crim. P. 33(f) states, in part, that "the trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." Moreover, the Tennessee Supreme Court has found that

> Rule 33(f) imposes upon a trial court judge the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial judge of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment.

State v. Carter, 896 S.W.2d 19, 122 (Tenn. 1995). When a trial court simply overrules a motion for new trial, this court may infer that the trial judge has, as thirteenth juror, approved the jury's verdict. Id.; see also Gillon, 15 S.W.3d at 500. However, if the record reflects that the trial court was dissatisfied with or disagreed with the jury's verdict or the weight of the evidence, made statements indicating that the trial court misunderstood its responsibility or authority to act as thirteenth juror, or absolved itself of the responsibility of acting as thirteenth juror, the appropriate remedy is for the appellate court to grant a new trial. Moats, 906 S.W.2d at 434-436.

In the present case, the trial court, at the hearing on the motion for new trial, made comments suggesting dissatisfaction with the weight of the evidence. Specifically, the trial court stated, "I had really found that there was a question about depriving the owner of the property as an element of the crime." Furthermore, the record suggests that, when the court explained that

> the [trial] Court is of the opinion that what the Court of Criminal Appeals has stated to me is that judgment should go down. . . . [A] judgment on the jury verdict will be signed by this Court and you can take the appropriate action, whatever you feel that you deem necessary as a result of that. That is what the Court of Criminal Appeals is telling me[,]

the trial court avoided acting as a thirteenth juror, or misunderstood the trial court's authority to act subsequent to the appellate court's earlier opinion.

However, the opinion of the Court of Criminal Appeals concerned the *legal sufficiency* of the evidence. This ruling did not relieve the trial court of the responsibility of examining the *weight* of the evidence in his role as thirteenth juror. Id. at 435. A trial judge should not infer that a ruling by this court on the sufficiency of the evidence absolves him or her of the duty to use their own judgment in reviewing the weight of the evidence as thirteenth juror. Since the trial

judge is in the best position to see the evidence and observe the witnesses at trial, the trial judge is free to decide, in his role as thirteenth juror, that the weight of the evidence does not support the verdict. Because we conclude that the trial court failed to act as thirteenth juror, a new trial is the only practical and effective remedy to insure that the protection of the thirteenth juror rule is preserved. Id.

### B. Indictment

The appellant further claims that the indictment against him for auto burglary was fatally defective because it charged him with breaking into the car of Alicia Miller, when in fact her mother, Susan Miller, was the title owner of the car. The appellant maintains that he could subsequently be subjected to charges for the auto burglary of Susan Miller's car, in violation of his right against double jeopardy.

Because there is evidence that the appellant did not raise the problem with the indictment prior to trial, we could conclude that the appellant waived his right to complain about the defect. See Tenn. R. Crim. P. 12(b)(1) & (f)(stating that defenses and objections based on defects in the indictment must be raised prior to trial or they are considered waived); see also Jackson v. State, 475 S.W.2d 563, 565 (Tenn. Crim. App. 1971)(finding that objections to the form of the indictment are generally waived by the defendant going to trial without calling the defect to the trial court's attention); Pope v. State, 258 S.W. 775, 776 (Tenn. 1924)(maintaining that a defect in an indictment can be cured by the jury's verdict after the defendant pleads to the indictment and goes to trial); but see McLean v. State, 527 S.W.2d 76, 82 (Tenn. 1975)(asserting that a material variance in the indictment, between the offense charged and the evidence offered, is not normally waived). Nevertheless, we will address the merits of the appellant's claim.

A variance in an indictment is not fatal if (1) the appellant is sufficiently informed of the charges levied against him so that he can adequately prepare for trial and, (2) the appellant is protected against a subsequent prosecution for the same offense on double jeopardy grounds. Berger v. United States, 295 U.S. 78, 79-82, 55 S. Ct. 629, 630 (1935); State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984). Moreover, the variance is immaterial when the indictment and proof substantially correspond. Id. The appellant does not claim that the variance in the indictment damaged his ability to adequately prepare for trial. However, the appellant does argue that he is potentially subject to further prosecution.

The indictment against the appellant for auto burglary alleges that the appellant unlawfully entered "the automobile of Alicia Miller, without her effective consent, with intent to commit a felony to wit: theft, all in violation of [Tenn. Code Ann. §] 39-14-402, against the peace and dignity of the State of Tennessee." The indictment and the proof in this case do substantially correspond on the issue of ownership of the car. As this court previously found, Alicia Miller does meet the definition of an "owner" for the purposes of the burglary statute. State v. Katz, No. 03C01-9704-CC-00150, 1998 WL 334378, at *3, (Tenn. Crim. App. at Knoxville, June 25, 1998), perm. app. denied (Tenn. 1999); see also Tenn. Code Ann. § 39-14-401(3)(1994). The proof introduced at trial demonstrates that, while Susan Miller was the title owner of the car, Alicia Miller was the

beneficial owner.  See Daugherty v. State, 424 S.W.2d 414, 415 (Tenn. 1968).  Moreover, it is apparent from the record that the appellant was able to plan and present a defense based upon the information alleged in the indictment.  Wright v. State, No. 03C01-9303-CR-00084, 1994 WL 377228, at *2, (Tenn. Crim. App. at Knoxville, July 14, 1994).  Furthermore, the appellant can rely upon this record in the event that future proceedings are brought against him for the same offense.  See State v. Mayes, 854 S.W.2d 638, 642 (Tenn. 1993). The appellant is in no danger of being subsequently charged with burglary of Susan Miller's car.  This issue is without merit.

### III. Conclusion

Because the record indicates that the trial court misconstrued its authority to grant a new trial under the thirteenth juror rule, we reverse and remand for a new trial.

_____
NORMA McGEE OGLE, JUDGE