**STATE of Tennessee, Appellant,**

v.

**Andrew Lee MOATS, Appellee.**

Supreme Court of Tennessee, at Knoxville.

Sept. 11, 1995.

Charles W. Burson, Attorney General and Reporter, Merrilyn Feirman, Assistant Attorney General, Nashville, for appellant.

Randall E. Reagan, Knoxville, for appellee.

## OPINION

ANDERSON, Chief Justice.

We granted this appeal to decide the proper remedy when an appellate court determines that a trial court has failed to perform its function as the "thirteenth juror." Historically at common law, the only remedy was an automatic reversal and new trial. Another option is a remand to the trial court with instructions to perform its duty as the "thirteenth juror." We conclude that granting a new trial is the only remedy which will insure that the purpose and protection of the thirteenth juror rule is preserved.

### FACTS

The defendant, Andrew Lee Moats, was indicted by the Knox County Grand Jury on one count of premeditated murder. Following the trial, the jury found the defendant guilty of first-degree murder, and the court sentenced him to life imprisonment. The defendant, in his motion for a new trial, argued that the weight of the evidence preponderated against the verdict of the jury. Relying on the thirteenth juror rule, Tennessee Rule Criminal Procedure 33(f), the defendant asked the trial court to set aside his conviction and order a new trial.

The trial court overruled the motion for a new trial, but expressed doubts about the weight of the evidence. When defendant's counsel reminded the trial court of its responsibility and authority under Tenn.

R.Crim.P. 33(f), the trial court stated the following:

> [T]he case was a difficult to try. [sic] There was a great deal of evidence that caused this Court concern, ah, throughout the trial of this case. I am saying that on the record.
>
> Nevertheless, I think that upon reviewing the testimony, and the conclusion of the jury, the Court feels that the jury came to what, ah, was a reasonable conclusion, if they looked at it as the Court feels it must consider that they looked at it. . . . I don't think that the Court can willy-nilly decide that somebody is entitled to a new trial. I think that I have to find that the jury did not have sufficient evidence to conclude what it concluded. I think that in this matter the jury did have sufficient evidence to come to a conclusion along that line. And, ah, I don't feel that it is appropriate for me to overturn that jury's conclusion at this time.
>
> However, for the record, this court has had difficulty with the, ah, with the proof in this matter.

Defendant appealed, arguing that the trial court had failed to fulfill its responsibility under the thirteenth juror rule. The Court of Criminal Appeals found that "[t]he record clearly reveals the trial judge's misconception of her role as the thirteenth juror." As a result, the Court of Criminal Appeals reversed the conviction and remanded the case for a new trial. In so holding, the appellate court stated that "[a]lthough a remand back to the trial court with instructions for the trial judge to exercise her duty as thirteenth juror seems logical, the case law on this issue requires that a new trial be granted." Thereafter, we granted the State's application for permission to appeal to consider whether a new trial is the only remedy when the record reflects that the trial court misconstrued its authority under the thirteenth juror rule. For the reasons discussed below, we conclude that a new trial is required, and therefore, affirm the Court of Criminal Appeals' judgment.

## THIRTEENTH JUROR RULE—NECESSITY OF A NEW TRIAL

The thirteenth juror rule originated at common law and requires the trial court to independently weigh the evidence, pass upon the issues, and decide whether the verdict is supported by the evidence. *Curran v. State*, 157 Tenn. 7, 4 S.W.2d 957, 958 (1928). Specifically, in a criminal case "it is the duty of the trial judge to consider the weight of the evidence and determine whether or not it establishes . . . guilt beyond a reasonable doubt." *Manning v. State*, 155 Tenn. 266, 284, 292 S.W. 451, 457 (1927). More than ninety years ago, this Court articulated the reasons for the rule, that

> the circuit judge hears the testimony, just as the jury does, sees the witnesses, and observes their demeanor upon the witness stand; that, by his training and experience in the weighing of testimony, and the application of legal rules thereto, he is especially qualified for the correction of any errors into which the jury by inexperience may have fallen, whereby they have failed, in their verdict, to reach the justice and right of the case, under the testimony and the charge of the court; that, in our system, this is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence, and, if he is dissatisfied with the verdict of the jury, he should set it aside.

*Cumberland Telephone & Telegraph Co. v. Smithwick*, 112 Tenn. 463, 468, 79 S.W. 803, 804 (Tenn.1904). *See also, White v. State*, 490 S.W.2d 502, 505 (Tenn.1973).

Historically, the trial court's approval of a verdict as the thirteenth juror was viewed as a necessary prerequisite to the imposition of a valid judgment. *Messer v. State*, 215 Tenn. 248, 385 S.W.2d 98, 101 (1964). Therefore, "[a] guilty verdict by the jury, *approved by the trial judge*, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973) (emphasis added). A reviewing court presumed that the trial court had performed

its function as thirteenth juror, unless, on the record, the trial court expressed disagreement with the verdict or dissatisfaction with the weight of the evidence, or absolved itself of the responsibility to act as the thirteenth juror. *Helton v. State*, 547 S.W.2d 564, 566 (Tenn.1977).

Because the constitutionality of applying the common law thirteenth juror rule in criminal cases was called into question, the rule was judicially abandoned in Tennessee for a time.[1] Thereafter, the constitutional validity of the common law rule was reaffirmed. In 1991, this Court restored the thirteenth juror rule as subsection (f) of Tenn. R.Crim.P. 33, which provides:

New Trial Where Verdict Is Against the Weight of the Evidence.—The trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence. If the trial court grants a new trial because the verdict is contrary to the weight of the evidence, upon request of either party the new trial shall be conducted by a different judge.

The Advisory Commission Comment accompanying the 1991 amendment to Rule 33(f) states that "the [thirteenth juror] rule is restored by the amendment."

▇▇▇ Recently, in *Carter*, this Court interpreted that comment to mean that Rule 33(f) reinstated the thirteenth juror rule as it existed at common law. As a result, we concluded that under Rule 33(f), just as at common law, the trial court's approval of a criminal verdict as the thirteenth juror is a necessary prerequisite to the imposition of a valid judgment. Nonetheless, an explicit statement of approval on the record is not necessary, and when the trial judge simply overrules a motion for new trial, an appellate court may presume that the trial judge has approved the jury's verdict as the thirteenth juror. *Carter*, 896 S.W.2d at 120–22.

We did not specifically consider in *Carter*, however, whether under Tenn.R.Crim.P. 33(f), a new trial is the required remedy when the record contains statements by the trial court expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court misunderstood its responsibility or authority to act as the thirteenth juror. It is that issue which we must now decide.

In this Court, the State concedes that the trial court failed to act as the thirteenth juror. It acknowledges that, at common law, remand for a new trial was considered the appropriate remedy when an appellate court concluded that the trial court had failed to fulfill its responsibility as the thirteenth juror, but the State argues that the historical remedy is inefficient and a waste of judicial resources. The State suggests that a more reasonable rule is to remand and offer the trial court an opportunity to perform its function as the thirteenth juror, with the trial court having the option to grant a new trial after remand if necessary. The defendant argues that this Court should continue to adhere to the long-established remedy of granting a new trial when the trial court fails to perform its function as the thirteenth juror.

Neither party has cited, nor has our research disclosed, any reported Tennessee criminal case questioning the propriety of granting a new trial under such circumstances. The unquestioned acceptance and application of the "new trial" remedy is understandable in view of the purpose of the thirteenth juror rule, and the practical problems that would arise from a "remand" remedy.

▇▇▇ The purpose of the thirteenth juror rule is to be a "safeguard ... against a miscarriage of justice by the jury." *State v. Johnson*, 692 S.W.2d 412, 415 (Tenn.1985) (Drowota, J., dissenting). Immediately after the trial, the trial court judge is in the same position as the jury to evaluate the credibility of witnesses and assess the weight of the evidence, based upon the live trial proceed-

---

**1.** *See State v. Carter*, 896 S.W.2d 119, 121–22 (Tenn.1995), discussing in detail the common law development of the thirteenth juror rule, the United States Supreme Court decisions which precipitated its abandonment in *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978), and the process by which it was reinstated by Tenn.R.Crim.P. 33(f).

ings. Indeed, this Court has recognized that "the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court." *Bolin v. State*, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966). Because of the unique position of the trial judge, appellate courts give considerable deference to the findings of the trial judge in issues of weight and credibility where the judge has seen or heard the witnesses. The more time that passes between the trial and the trial court's evaluation of the evidence as the thirteenth juror, the less meaningful the "safeguard" becomes. The trial judge is in a difficult position to make a thirteenth *juror* determination after a remand which would not occur until after the case works its way through the appellate courts. By that time, the trial judge is unlikely to have an independent recollection of the demeanor and credibility of all the witnesses. The "human atmosphere" of the trial forum would be lost, and the trial court would be in no better position to evaluate the weight of the evidence than an appellate court.

 Certainly appellate courts are as capable as trial courts of judging the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution and considering whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Appellate courts are ill-suited, however, to assess whether the verdict is supported by the weight and credibility of the evidence. For that reason, in Tennessee, the accuracy of a trial court's thirteenth juror determination is not a subject of appellate review.[2] *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn.Crim.App.1993) (Once the trial court approves the verdict as the thirteenth juror, appellate review is limited to

determining the sufficiency of the evidence.) For the same reasons, a trial court is ill-suited to make its thirteenth juror determination by reviewing a record on remand, long after the conclusion of the trial. The protection traditionally afforded by the thirteenth juror rule would be severely limited by adopting that remedy. Accordingly, after an appellate court concludes that the trial court failed to act as the thirteenth juror, a new trial is the only practically effective remedy to insure that the purpose and protection of the thirteenth juror rule is preserved.

 Moreover, this remedy does no violence to the interests of judicial economy and expediency. Ordinarily, if the trial court disagrees with the jury's verdict, a new trial will be granted immediately. A new trial will be required after appeal, only when the record contains statements indicating that the trial court failed to act as the thirteenth juror or misconstrued its authority under that rule. When a trial court simply overrules a motion for new trial without comment, an appellate court will presume that the trial court approved the verdict as the thirteenth juror. *Carter*, 896 S.W.2d at 120–22. Accordingly, when a trial court chooses to comment on the record about its thirteenth juror determination, the ruling should be clear and unequivocal.

 Returning to the facts of this case, the State concedes and we conclude that the record reflects that the trial court did not believe that the weight of the evidence supported the jury's verdict, but refused to grant a new trial because the evidence was legally sufficient to support the verdict. Accordingly, the trial court misconstrued its authority to grant a new trial under the thirteenth juror rule, Tenn.R.Crim.P. 33(f).

### CONCLUSION

After considering the purposes of the thirteenth juror rule, we conclude that an appellate court must grant a new trial when the

---

2. Other state courts have taken the position that their appellate courts and not the trial courts should act as the thirteenth juror. *See East Cleveland v. Odetellah*, 91 Ohio App.3d 787, 633 N.E.2d 1159 (1993). While this would solve the

problem of the trial judge committing an appellate review, it raises the difficulties of the appellate court not having the benefit of hearing the actual testimony and the greater ease of determining witness credibility.

record contains statements by the trial court expressing dissatisfaction or disagreement with the weight of the evidence or the jury's verdict, or statements indicating that the trial court misunderstood its responsibility or authority to act as the thirteenth juror. Because the record in this case reflects that the trial court misconstrued its authority to grant a new trial under the thirteenth juror rule, Tenn.R.Crim.P. 33(f), the Court of Criminal Appeals' judgment reversing and remanding for a new trial is affirmed. Costs of this appeal are taxed against the appellant, the State of Tennessee.

REID, BIRCH and WHITE, JJ., concur.

DROWOTA, J., dissenting, see separate dissenting opinion.

DROWOTA, Justice, dissenting.

In its opinion the majority holds that an appellate court must automatically grant a new trial whenever the record contains evidence that the trial court misunderstood its role as "thirteenth juror" or otherwise failed to perform that role. The majority rejects the obvious alternative remedy—that the case be remanded to the trial court for the purpose of fulfilling this duty—by reasoning that:

> The trial judge is in a difficult position to make a thirteenth juror determination after a remand which would not occur until after the case works its way through the appellate courts. By that time, the trial judge is unlikely to have an independent recollection of the demeanor and credibility of all the witnesses. The 'human atmosphere' of the trial forum would be lost, and the trial court would be in no better position to evaluate the weight of the evidence than an appellate court.

> . . . . .

> Accordingly, ... a new trial is the only practically effective remedy to insure that the purpose and protection of the thirteenth juror rule is preserved.

First, I agree that in order to perform its duty as thirteenth juror, the trial court must have an independent recollection of the trial proceedings; simply reading the record on remand will not suffice. However, I also believe that the majority errs in assuming that the trial court's recollection will, in every case, fade to such a degree so as to render the court unable to perform its duty. From my experience on the trial bench, I know that some cases and witnesses are indelibly etched in a trial court's mind, so that the passage of a few weeks or even months would not significantly impair the court's ability to assess the weight and credibility of the evidence upon remand. In these situations, the important interests of judicial economy and expediency in the criminal justice system would be greatly furthered by the remand remedy.

On the other hand, it is certainly true that some cases do not leave such a vivid impression, and the trial court would therefore be unable to adequately perform its duty. However, this is not, standing alone, sufficient reason to reject the remand remedy. I do not understand what harm could be caused by remanding the case and giving the trial court the opportunity to determine if its recollection is in fact sufficient to perform its duty as thirteenth juror. If the trial court concludes that it does not have sufficient independent recollection, it only need order a new trial. Because there is no reason to believe that trial courts will not conscientiously and carefully make this determination, and because the remand remedy unquestionably furthers the interests of judicial economy and expediency, I respectfully dissent from the holding of the majority.