IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2004

## STATE OF TENNESSEE v. RONALD DOTSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-12264-65     Joseph B. Dailey, Judge**

_____

**No. W2003-00259-CCA-R3-CD  - Filed June 7, 2004**

_____

A Shelby County jury convicted the Appellant, Ronald Dotson, of two counts of aggravated robbery. Following a sentencing hearing, Dotson was found to be a repeat violent offender and sentenced to two consecutive sentences of life without parole. On appeal, Dotson argues that the trial court erred in denying his motion for continuance based upon (1) the State's failure to provide pre-trial discovery and (2) the court's ruling which permitted impeachment under Tennessee Rules of Evidence 609. As a second issue, Dotson argues that the evidence is legally insufficient to support his convictions. Finding no reversible error, the judgments of conviction are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Robert B. Gaia, Memphis, Tennessee, for the Appellant, Ronald Dotson.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy P. Weirich, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

Around noon on June 25, 1998, the Appellant entered Connie's Pub in Memphis and, while displaying a pistol, ordered the bartender, Angela Massey, to open the cash register and give him all the money. After Ms. Massey complied, the Appellant approached a patron in the pub, Carl Reich,

and ordered Reich to give him his wallet. Reich complied and handed his wallet, which contained approximately $300.00, to the Appellant. The Appellant then fled the bar. In September of 1998, the Appellant was arrested in Wynne, Arkansas and gave a statement to investigators admitting his involvement in the robbery at Connie's Pub. He stated that he robbed both the bartender and the customer by using a BB gun that looked like a .357 revolver.

On October 28, 1999, a Shelby County grand jury returned two indictments against the Appellant for the aggravated robberies of Angela Massey and Carl Reich. At trial, the State introduced the Appellant's statement admitting that he used a BB gun to rob both victims. The robberies were also captured on video by a surveillance camera in the bar, and the video tape was shown to the jury. At trial, both victims identified the Appellant as the person who robbed them. The jury returned guilty verdicts on both charges of aggravated robbery. Based upon the Appellant's classification as a repeat violent offender, he received two consecutive life sentences without parole.[1]

## Analysis

### I. Motion for Continuance

The Appellant contends that the trial court erred in denying his motion for a continuance, which was predicated upon two separate grounds. First, the Appellant asserts that he should have been granted a continuance to "reassess [defense] strategy" when the trial court ruled that two recent convictions for aggravated robbery could be used for impeachment purposes.

A hearing was held on the morning of trial prior to jury selection, wherein the State sought to use six Illinois armed robbery convictions for impeachment purposes. The State had previously provided notice of its intent to impeach the Appellant based upon these six convictions. The trial court concluded that these convictions were not admissible under Tennessee Rule of Evidence 609, as they were outside the ten-year limitation period. The State then sought to introduce two additional convictions for aggravated robbery, which had recently occurred in Tennessee.[2] However, these convictions were not included in the State's written notice, as required by Rule 609(b). The Appellant sought to have these two convictions excluded based on the lack of written notice or, in the alternative, to be granted a continuance. The trial court concluded that these convictions were admissible, finding that trial counsel had notice because he was currently representing the Appellant in post-conviction proceedings in both aggravated robbery cases. As the trial court was considering the Appellant's motion for continuance, the State abruptly withdrew its intent to impeach the Appellant at trial.

---

[1]The Appellant's repeat violent offender classification was based upon his six Illinois convictions for armed robbery. *See* Tenn. Code Ann. § 40-35-120 (2003).

[2]The Appellant was convicted of aggravated robbery in case number 99-12261 and of aggravated robbery in case number 99-12263 and, on the respective dates of September 22, 2000, and July 20, 2001, received sentences of life without parole.

The following morning, the State requested revisitation of the issue and asked that it be permitted to impeach the Appellant should he decide to testify. The trial court ruled that the Appellant's two recent convictions for aggravated robbery could be used for impeachment, as no prejudice was established. The court reasoned that trial counsel was obviously proceeding to trial with the impeachment motion pending and that an adverse ruling on the first day of trial, which could have occurred, is not significantly different from an adverse ruling on the second day of trial. Under these circumstances, the trial court concluded that additional time was not necessary to "reassess defense strategy."

The Appellant argues that the trial court's ruling conflicts with the requirements of Tennessee Rules of Criminal Procedure 12.3 and Tennessee Rules of Evidence 609. Initially, we would note that Rule 12.3 relates to the State's notice to seek an increased sentence; thus, the rule has no application to the issue before us. Furthermore, case law is well established that failure to comply with the technical requirements of Rule 609 is harmless error if the Appellant was not prejudiced by the lack of written notice. *See State v. Barnard*, 899 S.W.2d 617, 622 (Tenn. Crim. App. 1994); *see also State v. Andre D. Kimbrough*, No. M2001-02149-CCA-R3-CD (Tenn. Crim. App. at Nashville, Dec. 3, 2003); *State v. Dean Byard*, No. M2000-01410-CCA-R3-CD (Tenn. Crim. App. at Nashville, Nov. 27, 2001); *State v. Antonio Kendrick*, No. 02-C-01-9604-CR00121 (Tenn. Crim. App. at Jackson, Nov.5, 1997); *State v. James Edward French*, No. 03C01-9503-CR-00096 (Tenn. Crim. App. at Knoxville, Mar. 28, 1996).

It is clear that trial counsel was aware of the convictions in question, as he was representing the Appellant on post-conviction matters for these convictions. Additionally, as the trial court noted, the Appellant's trial counsel was, or should have been, prepared for a defense that included prior convictions introduced for impeachment purposes, as the Rule 609 hearing on the prior armed robbery convictions, which were noticed, was not conducted until the day of trial. After review of the record, we agree with the trial court that the Appellant has not been unduly prejudiced by the State's noncompliance; thus, we find the error to be harmless. Tenn. R. App. P. 36(b); Tenn. R. Crim. P 52(a).

Second, the Appellant argues that the trial court erred in not granting his motion for continuance when he learned on the second day of trial that the victim Reich had identified the Appellant from a photo lineup.[3] On the first day of trial in response to questioning from trial counsel, the State informed counsel that Reich, as opposed to the victim Massey, had not participated in a police photo identification line-up. On the second day of trial, the prosecutor informed trial counsel that Reich had in fact identified the Appellant from a photo array. The prosecutor explained that the identification material had been misfiled in another of the Appellant's pending cases and was only discovered the evening before. The State agreed not to use the photo identification evidence. Based upon this assurance, the trial court denied the Appellant's motion to continue. The Appellant asserts that his "entire theory of . . . defense was thwarted by the misrepresentation as to the

---

[3] We note that one entire page of the Appellant's argument of this issue was omitted from the brief submitted.

nonexistence of [Carl Reich's] photo array. . . ."  The Appellant has again failed to show how prejudice resulted from this ruling.  He was only under the mistaken belief for less than one day, and the State chose not to make any reference to the evidence.  Indeed, as the trial court noted, if the continuance had been granted, the photo identification would have been admissible, making the State's case stronger.  Because we find no abuse of discretion in denying the motion for continuance, this issue is without merit.  *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995).

## II.  Sufficiency of the Evidence

As his second issue, the Appellant asserts that the trial court erred in not granting his motion for a new trial due to insufficiency of the evidence.[4]  Specifically, the Appellant argues that the "state's case was based on the eyewitness testimony which appellant was precluded from attacking." Though it is unclear from his brief, we assume that the Appellant is referring to the testimony of Carl Reich.

When a defendant challenges the sufficiency of the evidence, this court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State.  *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992).  The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75.  In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

The Appellant was convicted of two counts of aggravated robbery, which is defined as robbery "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon."  Tenn. Code Ann. § 39-13-402 (2003). The State's proof consisted of testimony from the two victims who identified the Appellant as the person who took money from them, while displaying what they believed to be a gun.  Moreover, the Appellant's admission to police that he had committed these robberies with a BB gun which looked

---

[4] Although the Appellant frames his issue in terms of a sufficiency argument, he also appears to be arguing that the verdict, when viewed as a whole, was against the weight of the evidence.  It is the trial court, pursuant to Rule 33(f) of the Tennessee Rules of Criminal Procedure, who has the authority to reverse a jury's verdict when it determines that the verdict is contrary to the weight of the evidence, and the accuracy of the court's determination as a "thirteenth juror" is not subject to appellate review.  *State v. Moats*, 906 S.W.2d 431, 435 (Tenn. 1995) (citing *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993)). An appellate court may grant a new trial only where the trial court has "*failed* to act as the thirteenth juror."  *Id.* (emphasis added).  In this case, the trial court approved the jury's verdict by overruling the Appellant's motion for new trial; thus, the trial court exercised its authority as the thirteenth juror. Therefore, we will not disturb the trial court's determination that the weight of the evidence supported the jury verdict. However, while the Appellant may not challenge the weight of the convicting evidence on appeal, he may challenge the sufficiency of that convicting evidence.  Thus, we construe the Appellant's challenge as one to the sufficiency of the evidence.

like a .357 revolver was introduced before the jury.  We conclude that this evidence is more than sufficient to support the convictions.

## CONCLUSION

Finding no reversible error, the Appellant's convictions for aggravated robbery are affirmed.

_____

DAVID G. HAYES, JUDGE