# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## JULIE A. BELLAMY v.
## CRACKER BARREL OLD COUNTRY STORE, INC. ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Chancery Court for Wilson County**
**No. 06145 Charles K. Smith, Chancellor**

---

**No. M2008-00294-SC-R11-CV - Filed December 7, 2009**

---

JANICE M. HOLDER, C.J., dissenting

I applaud the majority's willingness to decide this case in an expeditious manner. I disagree, however, that this case presents the appropriate opportunity to suspend the rules of appellate procedure to do so. Moreover, I disagree that the Court of Appeals erred in considering the conflicting statements of evidence. The Court of Appeals identified a statement made by the trial court that was dispositive of the issue and that was not in dispute. Based on this statement, the Court of Appeals correctly remanded this case for a new trial.

This appeal arises from Ms. Bellamy's retaliation claim against her employer and manager. The jury's verdict was in favor of the defendants, and Ms. Bellamy filed a motion for a new trial. During a hearing, the trial court denied the motion. No court reporter was present at the hearing, and both parties provided the trial court with statements of the proceedings pursuant to Tennessee Rules of Appellate Procedure 24(c) and (e). Even though the parties' respective statements present differing versions of what transpired during the hearing, the defendants' own statement of the proceedings acknowledges:

> The [trial] Court expressed displeasure at being required to either agree or disagree with the jury's verdict and having to state that the preponderance of the evidence was in favor of the defendants, noting that if the Plaintiff had wanted a bench trial, she should not have asked for a jury trial and that it seemed inappropriate to him to have to essentially independently rule on the case when the parties had requested a jury trial.

Ms. Bellamy appealed alleging that the trial court did not properly exercise its role as the thirteenth juror because it failed to weigh the evidence and indicate its agreement or lack of agreement with the verdict. The Court of Appeals agreed and remanded the case for a new trial. A majority of this Court concludes that the Court of Appeals erred in not reconciling the parties'

statements of the proceedings and remands this case to the trial court to reconcile the statements and to certify and transmit a supplemental record to the Court of Appeals in accordance with Tennessee Rule of Appellate Procedure 24. I disagree that a remand is appropriate.

Since the parties agree that the trial court did not exercise its role as thirteenth juror, disagreements about what precisely transpired during the hearing on the motion for a new trial are irrelevant. As the Court of Appeals recognized, the proper remedy in this case is a remand for a new trial, not a remand to exercise the trial court's role as thirteenth juror. As this Court explained in State v. Moats, 906 S.W.2d 431 (Tenn. 1995), in discussing this very issue:

> The trial judge is in a difficult position to make a thirteenth juror determination after a remand which would not occur until after the case works its way through the appellate courts. By that time, the trial judge is unlikely to have an independent recollection of the demeanor and credibility of all the witnesses. The "human atmosphere" of the trial forum would be lost, and the trial court would be in no better position to evaluate the weight of the evidence than an appellate court.

Id. at 435 (emphasis omitted); see also Woolfork v. Hampton Inns., Inc., No. 02A01-9411-CV-00266, 1996 WL 50971, at *6 (Tenn. Ct. App. Feb. 7, 1996) (applying Moats in a civil case).

Rule 1 of the Rules of Appellate Procedure declares that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Remanding to the trial court to resolve an irrelevant disagreement about which statement of the proceeding is accurate is neither just, speedy, or inexpensive, and it is unnecessary to a determination of the merits when the record shows clearly that an error requiring a new trial occurred. See Holden v. Rannick, 682 S.W.2d 903, 905 (Tenn. 1984) ("If a trial judge, in discharging his duty as a thirteenth juror, makes comments which indicate that he has misconceived his duty as a thirteenth juror, an appellate court must reverse the trial judge and remand for a new trial."); Nashville, Chattanooga & St. Louis R.R. Co. v. Neely, 52 S.W. 167, 168 (Tenn. 1899).

Moreover, as interesting as these facts may be, they do not present good cause to suspend the briefing requirements under Rule of Appellate Procedure 11(f). Rule 2 grants us discretion to suspend any rule of appellate procedure for "good cause, including the interest of expediting decision upon any matter." In this case, only the Rule 11(a) and (d) application and response were filed, and the opinion has been released contemporaneously with the grant of the application. This case would have benefitted from briefing beyond the bare-bones application for permission to appeal and the two-page response of the appellee. Moreover, permitting the parties to brief the issues would not have precluded us from expediting the case if we desired to do so. After granting an application for permission to appeal we may suspend rules of appellate procedure and "order proceedings in

accordance with [our] discretion" to alter the time in which briefs can be filed, set cases on dockets as needed, or suspend oral argument altogether pursuant to Rule 2.

I respectfully dissent.

_____
JANICE M. HOLDER, CHIEF JUSTICE