# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 3, 2013

## STATE OF TENNESSEE V. CORTINO A. HARRIS

**Direct Appeal from the Circuit Court for Madison County**
**No. 12-286    Donald H Allen, Judge**

---

**No. W2012-02738-CCA-R3-CD  -  Filed January 3, 2014**

---

The defendant, Cortino A. Harris, stands convicted for driving on a cancelled, suspended, or revoked license, violation of the financial responsibility law, and violation of the registration law. He was sentenced to a term of six months in the county jail for the convictions, and the sentence was ordered to be served consecutively to a term imposed in a separate case. On appeal, the defendant challenges only the sufficiency of the convicting evidence with regard to the conviction for driving on a cancelled, suspended, or revoked license. Following review of the record and arguments, we affirm the convictions as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Cortino A Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; James D. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

Shortly after midnight on December 8, 2011, Officer Billy Cathy was on patrol near the "Mary Long" area in Jackson, Tennessee. He observed the defendant standing outside a parked 1999 Infinity. Officer Cathy ran the vehicle tag number and learned that the registration had expired on August 30, 2011, despite the valid sticker which had been affixed to the license plate. Officer Cathy also checked the name associated with the vehicle plate number and learned that defendant's driver's license was suspended.

Officer Cathy circled around the area and then returned back towards the defendant's vehicle. He then observed the defendant driving his vehicle on James Buchanan Street, a public roadway. Officer Cathy got behind the defendant's vehicle and initiated a traffic stop. The defendant stopped the vehicle, and Officer Cathy approached and asked for the defendant's license, registration, and proof of insurance. The defendant handed him an invalid driver's license, an NCIC check showed that it was suspended, and was unable to produce proof of insurance. The defendant denied any knowledge of the fact that his license was suspended. He did hand Officer Cathy a copy of the registration; it reflected that it was expired. The defendant told Officer Cathy that he thought the registration was valid.

Officer Cathy issued the defendant citations for driving with an invalid driver's license, having an expired registration, and failing to show proof of insurance. The defendant was not taken into custody for the driving on a suspended license charge, as it was not the policy of the police department to arrest a first-time offender for that offense. Because the defendant, who was alone at the time he was stopped, did not have anyone to come and get the vehicle and because it was unsafe to leave it where it was stopped, Officer Cathy allowed the defendant to drive to his nearby home at 121 Belmont Street. Officer Cathy followed the defendant to his residence to ensure that the vehicle was taken home and parked.

Thereafter, Officer Cathy obtained a certified copy of the defendant's driving history, which did reflect that on December 8, 2011, the defendant's driver's license was in fact suspended. The report reflected that the defendant's license had been suspended for failure to pay child support. The report noted that a copy of the suspension was sent to the defendant's address of 121 Belmont Street in Jackson.

Officer Cathy testified that the defendant was cooperative during the encounter. He further testified that he had no reason to disbelieve the defendant's claim that he was unaware that his license had been suspended.

In May 2012, a Madison County grand jury indicted the defendant, in case number 12-286, for driving on a cancelled, suspended, or revoked driver's license, violation of the financial responsibility law, and violation of the registration law for the events which

occurred on December 8, 2011. A trial was held on October 10, 2012, in the case, and Officer Cathy and the defendant testified. Officer Cathy's testimony at trial is reflected by the above information.

At trial, the defendant did not deny that he was driving the vehicle on the evening in question. However, he testified that he was not aware on that date that his license was suspended or that his vehicle registration had expired. The defendant stated that he informed Officer Cathy of this during the stop. The defendant testified that he did have insurance papers in his vehicle, but he claimed that the coverage had lapsed while he was searching for a less expensive insurance company.

On cross-examination, with regard to his license being suspended, the defendant testified that his license was never revoked, suspended, or cancelled. He claimed that it merely expired. He testified that, approximately one month after these events, he went to renew his driver's license, and the Tennessee Department of Transportation told him it was expired but could be renewed.

After the jury heard the proof, the defendant was found guilty as charged. He was also tried the same day in case number 12-285 and found guilty of driving on a canceled, suspended, or revoked license and violation of the registration law for events on December 16, 2011. Following a sentencing hearing, the trial court imposed a sentence of six months, to be served at 75%, in the county jail and imposed $400 in fines. The court further ordered that the sentence be served consecutively to the sentence imposed in the separate case. The defendant filed a motion for new trial. Following the denial of that motion, the defendant has timely appealed his conviction.

**Analysis**

On appeal, the defendant raises the single issue of sufficiency of the evidence. Specifically, he asserts that his driving on a cancelled, revoked, or suspended license conviction is not supported by proof beyond a reasonable doubt. He bases this contention on the fact that he did not allegedly know that his license were suspended. He contends, "[t]he Defendant would argue since he did not know his license was suspended he should not have been convicted of the offenses he was convicted of."

"When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Dorantes*, 331 S.W.3d 370, 379 (2011); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[O]n appeal, the State must be afforded the strongest legitimate view of the evidence and

all reasonable inferences that may be drawn therefrom." *Dorantes*, 331 S.W.3d at 379 (internal quotation omitted). It is the trier of fact who resolves all questions of witness credibility, the weight and value of the evidence, as well as all factual issues raised by the evidence. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Reviewing courts should neither re-weigh the evidence nor substitute their own inferences for those drawn by the jury. *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003).

The trial court's approval of the jury's verdict accredits the State's witnesses and resolves all conflicts in the evidence in the State's favor. *State v. Moats*, 906 S.W.2d 431, 433-34 (Tenn. 1995). "Because a guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, on appeal a defendant bears the burden of showing why the evidence is insufficient to support the conviction." *State v. Thacker*, 164 S.W.3d 208, 221 (Tenn. 2005). These rules apply whether the verdict is predicated upon direct evidence, circumstantial evidence, or a combination of both. *Dorantes*, 331 S.W.3d at 379. In weighing the sufficiency of the evidence, circumstantial and direct evidence are treated the same, and the State is not required to exclude every reasonable hypothesis other than that of guilt. *Id*. at 381.

Pursuant to Tennessee Code Annotated section 55-50-504(a)(1) (2010), "[a] person who drives a motor vehicle within the entire width between the boundary lines of every way publicly maintained that is open to the use of the public for purposes of vehicular travel, . . . at a time when the person's privilege to do so is cancelled, suspended, or revoked commits a Class B misdemeanor." There is no dispute in the case that the defendant was in fact driving a motor vehicle on a public road at a time when his license was suspended. The defendant was seen by Officer Cathy on December 8, 2011, driving a motor vehicle on the streets of Jackson. The defendant himself does not dispute that he was driving a car on that evening. Moreover, the record amply establishes that the defendant's driver's license was suspended on that date because of child support issues.

The only question raised by the defendant is whether the conviction can stand if the record establishes that he was not aware at the time that his license had been suspended. Although not necessary for our determination in this case, we do agree with the State that the evidence presented by the State was sufficient to allow a rational trier of fact to infer that the defendant was in fact aware of the status of his license.

In a case similar to the one before us, a defendant contended on direct appeal that evidence was insufficient to support his driving on a revoked license conviction because the State failed to prove that he knew or should have known that his driver's license was revoked. *State v. Bobby G. McDonald*, No. 02C01-9206-CR-00126, 1993 Tenn. Crim. App. LEXIS 550, at *7 (Tenn. Crim. App., Jackson, Aug. 18, 1993). In *McDonald*, the court

concluded specifically that the offense of driving on a cancelled, suspended, or revoked license does not require any culpable mental state; thus, knowledge of the cancellation, suspension, or revocation is not an element required to support a conviction. *Id*. at *8. The court reasoned that Tennessee Code Annotated 39-11-301(b), which states that a culpable mental state is required unless specifically dispensed with, did not apply to offenses in Title 55. Regardless, the court pointed out that the terms of the driving on a cancelled, suspended, or revoked license statute dispensed with the element of mens rea. *Id.*

Following the *McDonald* case, other defendants have challenged their convictions on this ground. In response to those challenges, this court has maintained that the crime of driving on a cancelled, suspended, revoked license is a crime for which no mens rea element is required. *See State v. Walter Thomas Godsey, Jr.,* No. W2011-01027-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 963, *8-9 (Tenn. Crim. App. 2011)*; State v. Richard Ferrell*, No. M2009-01175-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 14, *8 (Tenn. Crim. App. Jan. 7, 2010); *State v. Corey Gilliam*, No. W2007-02401-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 797, at *24 (Tenn. Crim. App., Jackson, Sept. 22, 2009). That being the case, the evidence presented was amply sufficient to support this defendant's conviction. The proof established he was driving his car on a roadway at a time when his driver's license was suspended.

## CONCLUSION

Based upon the foregoing, the judgment of conviction is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE