IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 24, 2015 Session

## STATE OF TENNESSEE v. JEREMY D. PARVIN

**Appeal from the Criminal Court for Hamilton County**
**No. 286119     Rebecca J. Stern, Judge**

_____

**No. E2014-01569-CCA-R3-CD - Filed May 6, 2015**

_____

Jeremy D. Parvin, the Defendant, was convicted of resisting arrest. On appeal, the Defendant contends there is insufficient evidence to support his conviction. After a review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

Lee Davis, Chattanooga, Tennessee, for the appellant, Jeremy D. Parvin.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; William H. Cox, District Attorney General; and Brian Finlay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for two counts of domestic assault and one count of resisting arrest. The two assault counts were dismissed by the State before trial. The Defendant waived his right to a trial by jury. Following a bench trial, the trial court found him guilty of Class B misdemeanor resisting arrest and sentenced him to 6 months, suspended to unsupervised probation. The Defendant's "Motion for Reconsideration or in the Alternative Motion for New Trial" was denied, and this timely appeal followed.

**Facts**

Chattanooga Police Department (CPD) Officer David Campbell was dispatched to the home of the Defendant and his wife on a complaint of domestic assault. The Defendant's wife answered the door. She was "hysterical" and claimed the Defendant was drunk and had attacked her. Officer Campbell observed redness on her upper chest, neck, forearms, and upper arms. Officer Campbell entered the residence and saw the Defendant, who was shirtless and had scratches on him. As he got closer to the man, Officer Campbell smelled alcohol and said the Defendant appeared drunk. The Defendant said, "She needs to go."

Because both parties had visible marks on them, Officer Campbell concluded an assault had occurred. In domestic situations, CPD policy calls for the parties to be separated. Officer Campbell also stated that he was concerned because he was the only officer on the scene, there were two people who had been involved in the altercation in the home, and there could be firearms in the residence. In an effort to separate the Defendant and his wife and conduct an investigation to determine who was the primary aggressor, Officer Campbell asked the Defendant to step outside on the front porch. The Defendant refused to go outside. Officer Campbell again asked the Defendant to step outside so he could talk to him about what had happened. The Defendant again refused. After the Defendant refused to step outside a third time, Officer Campbell told the Defendant that he was going to detain him until he could complete his investigation and instructed him to turn around so that he could be handcuffed. The Defendant refused and told Officer Campbell that if he wanted him out of his house or wanted to handcuff him, then he would need a warrant. Officer Campbell repeated his demand that the Defendant place his hands behind his back, and the Defendant again refused. Officer Campbell reached for the Defendant's wrist, and the Defendant pulled away and "balled up his fist as if to attack [Officer Campbell]." Officer Campbell grabbed the Defendant's other wrist and took him to the ground. The Defendant locked his hands beneath him and refused to surrender his hands to be cuffed. Officer Campbell sprayed police grade oleoresin onto the Defendant's face and was then able to handcuff one wrist.

Shortly before Officer Campbell took the Defendant to the ground, CPD Officer Kevin Orsburn arrived at the scene. He was met outside by a young boy who said his step-father was hurting his mother. Officer Orsburn heard Officer Campbell order someone to get on the ground. He ran inside where he found Officer Campbell struggling to handcuff the Defendant. Officer Orsburn assisted Officer Campbell in handcuffing the Defendant. Officer Campbell arrested the Defendant for resisting arrest, domestic assault of his wife, and domestic assault of his step-son.

On cross-examination, Officer Campbell was asked what "lawful authority" he was following when he asked the Defendant to go outside. Officer Campbell stated: "So, I

believe actually that would be obstruction of the legal process as I was trying to conduct an investigation and he was not complying with my investigation. However, I did not charge him with such." Officer Campbell also stated that, at the time he asked the Defendant to go outside, he did not have probable cause to place him under arrest for domestic assault.

**Analysis**

The Defendant argues that the evidence presented at trial was insufficient to sustain his conviction for resisting arrest. The State argues that there was sufficient evidence for any rational trier of fact to convict the Defendant of resisting arrest. We agree with the State.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight and value to be given the evidence are resolved by the fact finder. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978), *superseded on other grounds by* Tenn. R. Crim. P. 33 *as stated in* State v. Moats, 906 S.W.2d 431 (Tenn. 1995). This Court will not reweigh the evidence. Id.

A guilty decision by a trial court is entitled to the same weight as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999). A trial court's judgment of guilt "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the [trial court's decision]." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted). On review, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007).

Obstruction of justice is codified in Tennessee Code Annotated, title 39, chapter 16, part 6. Section 39-16-602, which deals with obstruction of law enforcement, provides in pertinent part:

> (a) It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

(b) Except as provided in § 39-11-611,[1] it is no defense to prosecution under this section that the stop, frisk, halt, arrest or search was unlawful.

. . . .

(d) A violation of this section is a Class B misdemeanor unless the defendant uses a deadly weapon to resist the stop, frisk, halt, arrest, search or process server, in which event the violation is a Class A misdemeanor.

Tenn. Code Ann. § 39-16-602(a)-(b), (d).  Section 39-11-106(a)(12) defines "force" as "compulsion by the use of physical power or violence" and provides that the definition "shall be broadly construed to accomplish the purpose of this title[.]"  Tenn. Code Ann. § 39-11-106(a)(12).

The Defendant contends "he is guilty of no crime" and cites the search and seizure principles of Fourth Amendment of the U.S. Constitution and article I, section 7 of the Tennessee Constitution to support his argument. We disagree.  During his initial investigation, Officer Campbell determined that an assault had occurred.  The Defendant's wife stated the Defendant attacked her.  Officer Campbell observed injuries to both the Defendant and the Defendant's wife.  His request for the Defendant to step outside was reasonable, not only because it separated the combatants, but also for the officer's own safety.  Although Officer Campbell admitted he did not have probable cause to arrest the Defendant for domestic assault when he asked him to step outside, he clearly had a duty to investigate the domestic assault, and when the Defendant refused to cooperate with his investigation, he had a reasonable suspicion of wrongdoing that justified an investigative detention.  Police officers investigating possible criminal activity need and have "an escalating set of flexible responses, graduated in relation to the amount of information they possess." Terry v. Ohio, 392 U.S. 1, 10 (1968); State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993).  The totality of the information possessed by Officer Campbell justified the seizure of the Defendant so that Officer Campbell could investigate possible criminal activity.

The Defendant withdrew his wrist, made a fist, and then struggled to avoid having his hands cuffed.  Actions such as those taken by the Defendant have been found to be force sufficient to support a conviction for resisting arrest.  See State v. Edward Iroghuehi Isibor, No. 01C01-9610-CC-00441, 1997 WL 602945, at *3 (Tenn. Crim. App. Sept. 30, 1997), perm. to app. denied, (Tenn. Aug. 3, 1998) (defendant "flailed his arms" in an effort to prevent being handcuffed); State v. Ronald David Lee, No. 03C01-9410-CR-0039, 1995 WL

---

[1]Section 39-11-611 involves self defense and is not relevant to this case.

395840, at *5 (Tenn. Crim. App.July 6, 1995) (the defendant wrestled with the officer attempting to handcuff him); State v. William Randy Jackson, No. 02C01-9405-CC-00097, 1995 WL 81428, at * 1 (Tenn. Crim. App.Mar. 1, 1995), perm. to app. denied, (Tenn. June 12, 1995) (the defendant struggled with officers to avoid being handcuffed).  Thus, we conclude that the evidence is sufficient to support the Defendant's conviction for resisting arrest.

## Conclusion

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE