IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015

## STATE OF TENNESSEE v. JOHN EDWARD LEWIS

**Appeal from the Criminal Court for White County**
**No. CR-5714    Leon C. Burns, Jr., Judge**

_____

**No. M2014-01912-CCA-R3-CD – Filed June 5, 2015**

_____

The Defendant, John Edward Lewis, was convicted of vandalism of property valued at $1,000 or more but less than $10,000, a Class D felony. On appeal, the Defendant challenges the sufficiency of the evidence as to the value of the damaged property for the purposes of the grade of the offense and restitution. Upon review, we find that the evidence was insufficient to establish the value of the property damaged. Accordingly, we reverse the judgment of the trial court and modify the Defendant's conviction to vandalism of property valued at less than $500, a Class A misdemeanor. The case is remanded for a hearing to determine the sentence and the amount of restitution.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Mark E. Tribble, Cookeville, Tennessee, for the appellant, John Edward Lewis.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Philip Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## Factual and Procedural Background

The Defendant and Lisa K. Young, the victim, were neighbors, but they were not friendly. On the day of the offense, the Defendant repeatedly drove a "Bobcat tractor" into the side of Ms. Young's mobile home, leaving holes in the side of her residence. As a result of the Defendant's actions, Ms. Young's home was uninhabitable. The White County Grand Jury indicted the Defendant for two counts of aggravated assault, three counts of reckless endangerment, and one count of vandalism of property valued at $10,000 or more. The Defendant entered a guilty plea to the vandalism charge, with the grade of the offense and restitution to be determined at a sentencing hearing. The remaining charges were dismissed.

At the sentencing hearing, Ms. Young testified that she had received an estimate of how much it would cost to repair the damage the Defendant caused. The estimate was introduced at the hearing for identification, but it was never introduced as an exhibit. Ms. Young did not testify as to the amount contained in the estimate. She did testify that the mobile home's foundation had been damaged and that she was beginning to tear down the home for salvage.

Ms. Young explained that she purchased the property in October of 2008 for $6,000.[1] A warranty deed showing the transfer with an assigned tax value of $6,000 was entered into evidence. However, Ms. Young testified that she had not tried to sell the lot where her home sat and that she did not know how much the lot was worth.

The State informed the trial court that it had subpoenaed Larry Christian, the individual who had prepared the repair estimate for Ms. Young's home. Mr. Christian would be able to testify as to the value of the home and the cost of repairs. However, he had failed to appear for the hearing. The State asked to continue the hearing so that Mr. Christian could appear to testify. The Defendant opposed a continuance, and the trial court denied the motion to continue.

The Defendant argued that no evidence had been presented as to the value of Ms. Young's residence or the cost of repairs. Consequently, the Defendant asserted that the State had failed to prove damages, other than nominal damages, by proof beyond a reasonable doubt. Therefore, the Defendant asked that he be sentenced to vandalism of property valued at under $500.

In announcing its sentence, the trial court stated:

---

[1] It is unclear from the record whether the "property" Ms. Young bought was the real property on which her home sat or the real property and the mobile home itself. Ms. Young reported that she had paid $8,000 for the property by the time the note was paid off.

I would take issue with the argument that there's no proof. I think the owner of the property is entitled to give value, buying the land and trailer for [$6,000]. It appears to me that the lot must have been worth something, and those type of facilities don't normally appreciate in value as they are purchased. I don't know what the time frame is from purchase to this incident, but based on that, with some reservations, but at the same time, with some degree of beyond a reasonable doubt certainty, that it's valued at [$4,500], because of the depreciation of the place, plus the lot value.

Consequently, the Defendant was sentenced to vandalism of property valued at over $1,000. The trial court also ordered restitution in the amount of $4,500.

## Analysis

On appeal, the Defendant challenges the sufficiency of the evidence supporting the trial court's conclusion as to the grade of the offense and the amount of restitution. The State concedes that the evidence is insufficient to support the trial court's judgment as to the grade of the offense and asks this Court to modify the judgment to a Class A misdemeanor and remand the case for a new hearing as to the amount of restitution.

We first note that the record on appeal does not contain a transcript of the Defendant's guilty plea submission hearing. However, the transcript from the sentencing hearing is adequate to allow for meaningful review. Therefore, we will review the appeal on its merits and presume that the missing guilty plea submission hearing transcript would support the ruling of the trial court. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012).

A finding of guilty on the on the grade of vandalism following a bench trial is entitled to the same weight on appeal as a jury verdict. See State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (citing State v. Hatchett, 560 S.W.2d 628, 630 (Tenn. 1978)). Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight and value to be given the evidence are resolved by the fact finder. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978), superseded on other grounds by Tenn. R. Crim. P. 33 as stated in State v. Moats, 906 S.W.2d 431, 434 n.1 (Tenn. 1995). This Court will not reweigh the evidence. Id. Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. Bland, 958 S.W.2d at 659; Tuggle, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007).

As relevant to this case, a person commits the offense of vandalism who "knowingly causes damages to or destruction of any real or personal property of another . . . knowing that the person does not have the owner's effective consent[.]" Tenn. Code Ann. § 39-14-408(a) (2010). In order to determine the grade of the offense, the fact-finder must determine the value of the property vandalized. See Tenn. Code Ann. 39-14-408(c) (2010). "Value" is defined as either the fair market value of the property at the time and place of the offense or the cost of replacing the property within a reasonable time after the offense.[2] Tenn. Code Ann. § 39-11-106(a)(36)(A)(i)-(ii) (Supp. 2012). If the value of the property cannot be determined in this manner, the property is deemed to have a value of less than $50. Tenn. Code Ann. § 39-11-106(a)(36)(C) (Supp. 2012). Vandalism of property valued at $1,000 or more but less than $10,000 is a Class D felony. Tenn. Code Ann. § 39-14-105(a)(3) (Supp. 2012); see also Tenn. Code Ann. § 39-14-408(c) (2010) (stating acts of vandalism are to be punished as theft under Tenn. Code Ann. § 39-14-105).

At the sentencing hearing, the only proof presented as to the value of the damaged property was the amount Ms. Young paid to purchase the property in 2008. No evidence was presented as to the value of the mobile home at the time of the offense or as to the cost to repair the home. Accordingly, the Defendant's conviction for vandalism of property valued at $1,000 or more but less than $10,000 may not stand. Although the proof was sufficient to prove beyond a reasonable doubt that Ms. Young's residence has some value, there is no proof in the record to show that such value was greater than $500. Therefore, the property is deemed to be valued at less than $50. See Tenn. Code Ann. § 39-11-106(a)(36)(C) (Supp. 2012). The Defendant's conviction must be modified to vandalism of property valued at $500 or less, a Class A misdemeanor. See State v. Kevin Womack, No. W2011-01827-CCA-R3-CD, 2012 WL 3055773, at *8 (Tenn. Crim. App. July 26, 2012) (modifying a defendant's theft conviction from theft of property valued at over $500 but less than $1,000 to theft of property valued at less than $500). Based upon this modification, we remand the case to the trial court for a new sentencing hearing.

---

[2] The Tennessee Pattern Jury Instructions now include a specific instruction for use in determining value in vandalism cases. It provides as follows: "In determining the value of the properly vandalized, the value of the property shall be fixed as to the amount of the damage, the reasonable cost of repairing the damage to the property, or the cost of replacement of the property vandalized." 7 Tenn. Prac. Pattern Jury Instr. T.P.I.-Crim. 11.03(a)(G) (18th ed. 2014).

Likewise, the trial court's finding as to restitution is not "substantiated by evidence in the record" or agreed to by the Defendant. See Tenn. Code Ann. § 40-35-304(b), (e)(1) (2014). The amount of restitution need not be proven beyond a reasonable doubt, but a victim seeking restitution "must present sufficient evidence so the trial court can make a reasonable determination as to the amount of the victim's loss." State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001). Additionally, in order to determine the amount restitution and method of payment, the trial court must consider the defendant's resources and future ability to pay or perform. Tenn. Code Ann. § 40-35-304(d) (2014); see also id.

As we have previously determined, there is no proof in the record evidencing the value of Ms. Young's mobile home at the time of the offense. Additionally, the trial court made no findings as to the Defendant's resources or future ability to pay. Because of the lack of evidence in the record as to both of these considerations, we cannot conclude that the record contains sufficient evidence for the trial court to determine $4,500 is the appropriate amount of restitution. Therefore, we must remand this case for a hearing to determine the proper amount of restitution in light of Ms. Young's loss and the Defendant's ability to pay. See Bottoms; 87 S.W.3d at 108-09 (case remanded to determine total amount of victim's loss and defendant's future ability to pay).

## Conclusion

For the aforementioned reasons, the judgment of the trial court is reversed. The Defendant's conviction is modified to vandalism of property valued at $500 or less. The trial court is instructed to modify the judgment accordingly, and the case is remanded to the trial court for a new sentencing hearing on the Class A misdemeanor and to determine the amount of restitution.

_____
ROBERT L. HOLLOWAY, JR., JUDGE