# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 3, 2013 Session

## STATE OF TENNESSEE v. DERRICK BRAXTON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 12-01839      Bobby Carter, Judge**

---

**No. W2013-00493-CCA-R3-CD  - Filed February 27, 2014**

---

Defendant, Derrick Braxton, was convicted as charged for one count of aggravated sexual battery and sentenced to ten years' confinement to be served at 100 percent release eligibility. Defendant appeals his conviction and sentence and asserts the following: 1) the trial court erred by denying his motion for judgment of acquittal and the evidence is insufficient to support his conviction; 2) his sentence is excessive; 3) the trial court failed to act as thirteenth juror; and 4) the prosecutor's comments about Defendant's credibility during closing argument were improper.  Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and JEFFREY S. BIVINS, JJ., joined.

Marty B. McAfee, Memphis, Tennessee, for the appellant, Derrick Braxton.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; Carrie Sheldon and Caveat Ostner, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

*Facts*

The victim, whom we will refer to by her initials E.E., was thirteen years old at the time of trial. The victim's mother testified that she married Defendant on March 25, 2011. Defendant moved into her home prior to their marriage.  E.E.'s mother testified that E.E. was diagnosed with ADHD and suffered from anxiety around the same time the criminal incidents occurred.  E.E. was taking medications.  E.E.'s mother testified that she saw

Defendant in E.E.'s room one night. He was sitting on the edge of the bed singing. Defendant told her that E.E. had asked him to come into her room because she could not sleep. On another occasion, she saw Defendant lying behind E.E. on E.E.'s bed. She told Defendant not to go into E.E.'s room anymore.

In late August, 2011, E.E. told her mother that Defendant had sexually abused her. E.E.'s mother confronted Defendant about the sexual abuse, and Defendant denied it. E.E.'s mother testified that Defendant "just kept right on watching TV" after he denied the allegations. E.E.'s mother acknowledged that she asked Defendant to pick up E.E. from school on the day following E.E.'s disclosure of sexual abuse by Defendant. E.E.'s mother reported the allegations to authorities and told Defendant to move out of their home.

E.E. testified that when she was eleven years old, Defendant would come into her bedroom at night and sit on the bed and watch television with her. Defendant would return to her room "in the middle of the night" and "try to get into bed" with her. E.E. testified that Defendant touched her breasts and vagina under her clothing. She testified that it happened "multiple times." E.E. testified that she and Defendant would sometimes watch television together in the living room. On one occasion, they were watching the show "South Park." She testified that Defendant "would scoot close to [her]" on the couch and that he put his hand in her underwear and touched her vagina. On cross-examination, she testified that she woke up and Defendant "was on top of [her] like a dog pose and his underwear was down." She pretended to have just awoken and began stretching, and Defendant "was there like he didn't do anything." She testified that Defendant "was just sitting down like nothing happened." She testified that was the last incident before she told her mother about the abuse. On redirect examination, the victim testified that the incident when Defendant was on top of her was a separate incident from the incident when he put his hand in her underwear. She testified that Defendant did not touch her in the incident when he was on top of her.

E.E. testified that she liked fairies and that there was a time when she pretended that fairies were real, but she knew that they were not real. She testified that she and her sister sometimes went to work with Defendant and that Defendant would check on them in the break room.

E.E.'s nine-year-old sister testified that she got out of her bed one night to go to the bathroom and saw Defendant lying in E.E.'s bed with his arm around her. E.E.'s sister denied that she and her sister ever went to work with Defendant.

Three of Defendant's co-workers testified that they saw Defendant bring E.E. and her sister to work with him. They testified that the children appeared to be happy, and they saw Defendant interact appropriately with the children.

Defendant denied having touched the victim inappropriately. He testified that E.E. sometimes fell asleep on the couch while watching television, and he woke her by tapping her on the shoulder and telling her to go to bed. Defendant testified that E.E. believed in fairies and that she would sometimes "make things up." He testified that E.E. suffered from anxiety. Defendant testified that he went into E.E.'s bedroom to "tuck her in," but he never sat on the bed with her.

*Analysis*

*Motion for Judgment of Acquittal*

In his first issue, Defendant contends that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support his conviction for aggravated sexual battery.

A motion for judgment of acquittal raises a question of law for the trial court's determination. *State v. Hall*, 656 S.W.2d 60, 61 (Tenn. Crim. App. 1983). When the trial court is presented with a motion for judgment of acquittal, the only concern is the legal sufficiency, as opposed to the weight, of the evidence. *State v. Blanton*, 926 S.W.2d 953, 957 (Tenn. Crim. App. 1996). Appellate courts are ill-suited to assess whether the verdict is supported by the weight and credibility of the evidence. *State v. Moats*, 906 S.W.2d 431, 435 (Tenn. 1995). Thus, appellate review is limited to sufficiency of the evidence pursuant to Rule 13(e) of the Rules of Appellate Procedure. *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993).

Accordingly, the standard by which the trial court determines a motion for a judgment of acquittal is, in essence, the same standard that applies on appeal in determining the sufficiency of the evidence after a conviction. *State v. Little*, 402 S.W.3d 202, 211 (Tenn. 2013). That is, "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see also* Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999); *Burlison*, 868 S.W.2d at 719.

Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Rule 29 of the Tennessee Rules of Criminal Procedure provides as follows:

> Grounds for Judgment of Acquittal – On defendant's motion or its own initiative, the court shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, presentment, or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

Tenn. R. Crim. P. 29(b). "This rule empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the [S]tate rests or at the conclusion of all the evidence." *State v. James*, 315 S.W.3d 440, 455 (Tenn. 2010) (citing *Overturf v. State*, 571 S.W.2d 837, 839 & n. 2 (Tenn. 1978)).

In his argument on appeal, Defendant does not contend that the State failed to prove any of the elements of the charged offense of aggravated sexual battery. Rather, Defendant challenges only the credibility of the victim and the victim's mother. Defendant asserts that there were conflicts in the testimony of E.E. and her mother, and there were inconsistencies in E.E.'s testimony. Specifically, Defendant points to testimony by the victim's mother that E.E. was "a light sleeper," but that E.E. slept through a conversation between E.E.'s mother and Defendant when E.E.'s mother found Defendant in E.E.'s bedroom. Defendant also points out that E.E.'s mother testified that on one occasion, she saw Defendant in E.E.'s bed with his arm around her, but E.E. testified that Defendant did not put his arm around her. Defendant also points to conflicts in their testimony about which way Defendant was facing when he was lying in E.E.'s bed. Defendant also asserts that a reasonable juror could not believe that E.E.'s mother would allow Defendant to pick up E.E. from school after learning that he had sexually abused her.

This court has consistently held that the trial court and jury are in the best position to determine credibility. "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (Tenn. 1963)). Accordingly, this court cannot revisit the jury's credibility findings. As this court has previously observed, "although inconsistencies or inaccuracies may make the witness a less credible witness, the jury's verdict will not be disturbed unless the inaccuracies or inconsistencies are so improbable or unsatisfactory as to create a reasonable doubt of the appellant's guilt. *State v. Radley*, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999).

Regarding the incident that the State elected as the offense in this case, Defendant asserts that the victim equivocated and her testimony was not credible. The State asserts that Defendant's argument conflates two separate incidents. The State elected as the offense the incident that occurred "when the [victim] was sitting on the sofa with the defendant in there watching South Park when he placed his fingers on her . . . vagina." At the time of the election, defense counsel agreed that the "South Park" incident was a distinct incident separate from the others about which the victim testified. The State argues that the victim unequivocally testified that Defendant touched her vagina while they were sitting on the couch together watching the television show "South Park." We agree with the State. Viewed in the light most favorable to the State, the evidence establishes that Defendant touched the victim while watching television on the couch. The parties acknowledged at trial that the incident about which the victim testified when Defendant was on top of her with his underwear down was a separate incident. While the transcript shows that the victim testified that Defendant did not touch her during that incident, she testified that Defendant did touch her during the incident the State elected as the offense. The jury accredited the victim's testimony. Defendant is not entitled to relief on this issue.

*Sentencing*

Defendant next contends that the trial court erred in sentencing him. Defendant challenges the trial court's application of enhancement factor (14), that Defendant abused a position of trust, and Defendant argues that his sentence should have been mitigated by his lack of prior criminal history. The State argues that the trial court properly sentenced Defendant.

In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 709 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id*. at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court imposes a sentence within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id*. at 707.

We note that even a trial court's misapplication of an enhancing or mitigating factor in passing sentence will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. Here, Defendant does not dispute that he abused a position of trust, but rather he asserts that the trial court afforded undue weight to that enhancement factor and did not afford proper weight to Defendant's lack of prior criminal history and positive work history. The trial court found that Defendant abused a position of trust, finding "in this instance where the perpetrator of the acts was in the home acting as a father figure, living there and was entrusted with the care of [the children]." The trial court further stated, "[o]nce he put himself in that position where they were reliant upon him, then to commit a crime of this magnitude against a child does, in fact, violate that and that differentiates it from other acts of this sort." The trial court declined to apply as a mitigating factor that Defendant had no prior criminal history, finding "that alone is not mitigation. It has to be more to it than that." The court acknowledged that Defendant had an "absolute right" to deny the allegations, but noted that "he certainly can't get credit for me being favorably impressed towards his rehabilitation or admission of the responsibility and acceptance of that." The court noted that the applicable range of punishment was eight to twelve years and imposed a sentence of ten years.

We conclude that the sentencing decision was "within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id*. at 709-10. Defendant is not entitled to relief.

-6-

*Thirteenth juror*

Defendant contends that the trial court failed to fulfill its duty as the thirteenth juror when it approved the jury's conviction of aggravated sexual battery. The State contends that the trial court properly acted as thirteenth juror.

Rule 33(d) of the Tennessee Rules of Criminal Procedure provides that a "trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." This rule "is the modern equivalent to the 'thirteenth juror rule,' whereby the trial court must weigh the evidence and grant a new trial if the evidence preponderates against the weight of the verdict." *State v. Blanton*, 926 S.W.2d 953, 958 (Tenn. Crim. App. 1996). The rule "imposes upon [the trial court] the mandatory duty to serve as the thirteenth juror in every criminal case, and that approval by the trial [court] of the jury's verdict as the thirteenth juror is a necessary prerequisite to imposition of a valid judgment." *State v. Carter*, 896 S.W.2d 119, 122 (Tenn. 1995). The rule does not require a specific statement on the record indicating the trial court's approval of the verdict, and in the absence of a specific statement, the trial court's order denying a motion for new trial constitutes an approval of the jury's verdict. *Id*. However, "when a trial court chooses to comment on the record about its thirteenth juror determination, the ruling should be clear and unequivocal." *State v. Moats*, 906 S.W.2d 431, 434 (Tenn. 1995). "A new trial will be required after appeal, only when the record contains statements indicating that the trial court failed to act as the thirteenth juror or misconstrued its authority under that rule." *Id*.

We note that in his motion for new trial, Defendant asserted that the trial court's ruling as thirteenth juror was error because the verdict was against the weight of the evidence in the record. Defendant made the same credibility assertions that he makes in his first issue on appeal regarding the sufficiency of the evidence. However, in his brief, Defendant asserts that the trial court absolved itself of its duty to act as thirteenth juror, arguing that the trial court's "comments show disagreement or dissatisfaction with the verdict or attempt to resolve the trial court of its responsibility as the thirteenth juror." It is well-settled that an appellant cannot change theories from the trial court to the appellate court. *See State v. Dooley*, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). Ordinarily, this constitutes waiver of the issue.

Nevertheless, we disagree with Defendant that the trial court's comments show disagreement or dissatisfaction with the jury's verdict. The trial transcript shows that after the jury's verdict was read aloud, the trial court specifically accepted and approved the jury's verdict as follows: "[Defendant], a jury of your peers having found you guilty of aggravated sexual battery, as 13th juror, I accept the verdict of the jury and I likewise find you guilty of aggravated sexual battery."

At the conclusion of the State's proof, the trial court overruled defense counsel's motion for judgment of acquittal, stating as follows:

> [T]he standard that I've got to view your motion is in the light most favorable to the nonmoving party. And I'm going to find that if the [jury] were to accredit the testimony of [the victim's mother], they could find that [Defendant] was guilty. So I'll let this be a jury question. And understanding you've got proof to go yet anyway.

Finally, in denying Defendant's motion for new trial, the trial court further stated:

> The motion [for new trial] lists a number of paragraphs, but they basically fall into two areas and the first is sufficiency of the evidence, and I've ruled on that. If the jury accredited the testimony of the victim in this case, which they apparently did, then that would be sufficient to convict. So, the sufficiency of the evidence was resolved by – by the jury when they accredited the testimony of the trial.

The trial court's written order states, "the Motion for New Trial is hereby **OVERRULED**, and the Court adopts the verdict of the Jury in the above cause."

The trial court fulfilled its duty as the thirteenth juror in this case, and Defendant is not entitled to relief on this issue.

*Closing argument*

Finally, Defendant contends that the prosecutor engaged in prosecutorial misconduct during her closing argument. Specifically, Defendant asserts that the following portion of the State's closing argument was improper:

> You heard from her, you heard from [Defendant] who said yes, I was either in her room with her or downstairs alone. So he has corroborated her testimony to the extent that she came in [and] said he was alone with me and doing these things. And that, ladies and gentlemen, is what you need to support what [the victim] has said here. Even [Defendant] says she has no reason to come in and make this up.

Defendant acknowledges that he did not object to the prosecutor's statements. Typically, when a prosecutor's statement is not the subject of a contemporaneous objection, the issue is waived. *See* Tenn. R. App. P. 36(a); *see also State v. Little*, 854 S.W.2d 643, 651

(Tenn. Crim. App. 1992) (stating that the failure to object to the prosecutor's alleged misconduct during closing argument waived later complaint). Defendant also failed to include this issue in his motion for a new trial. *See* Tenn. R. App. P. 36(a). Defendant asserts that plain error review is appropriate. The State contends that Defendant has not established that plain error review is appropriate. We agree with the State.

Our supreme court has adopted the following factors developed by this court to be considered when deciding whether an error constitutes "plain error" in the absence of an objection at trial:

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The record must establish all five factors before plain error will be recognized, and "complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." *Smith*, 24 S.W.3d at 283. In order for this court to reverse the judgment of a trial court, the error must be "of such a great magnitude that it probably changed the outcome of the trial," and "recognition should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial." *Adkisson*, 899 S.W.2d at 642.

Initially, we note that the closing arguments are transcribed and included in the appellate record; therefore, the first plain error factor is met. Next, we observe that trial courts have substantial discretionary authority in determining the propriety of final argument, and although counsel is generally given wide latitude, trial judges must restrict any improper commentary. *See Coker v. State*, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995). Closing arguments must be temperate, must be based upon evidence introduced during trial, and must be relevant to the issues at trial. *See State v. Sutton*, 562 S.W.2d 820, 823 (Tenn. 1978). The State should refrain from argument designed to inflame or incite the emotions of the jury. *See Coker*, 911 S.W.2d at 368.

When a statement made during a closing argument is improper, "the test for determining if reversal is required is whether the impropriety 'affected the verdict to the prejudice of the defendant.'" *State v. Cribbs*, 967 S.W.2d 773, 783 (Tenn. 1998) (quoting *Harrington v. State*, 385 S.W.2d 758, 759 (Tenn. 1965)). The factors to consider include the conduct at issue viewed in light of the facts and circumstances of the case, any curative

actions by the trial court, the intent of the prosecutor's improper statement, the cumulative error of the improper statement and any additional errors in the record, and the strength or weakness of the case. *Id*.

Defendant asserts that the above statement by the prosecutor intentionally misstated the evidence and misled the jury as to the inferences it could draw. *See State v. Goltz*, 111 S.W.3d 1, 6 (Tenn. Crim. App. 2003). He argues that the prosecutor improperly posited that Defendant admitted to instances when he was alone with the victim, and that Defendant's "corroboration" of the victim's testimony was sufficient to convict Defendant. The State asserts that the prosecutor's argument relied upon facts in evidence because Defendant admitted that he went into the victim's bedroom at night to turn on her television; that he sometimes let the victim watch television with him in the living room; and that the victim would sometimes fall asleep in the living room, and he would tap her shoulder to wake her and send her to bed. The State further asserts that even if the prosecutor's comments were improper, they were not so "exceptionally flagrant" as to constitute plain error. We agree.

In his testimony at trial, Defendant admitted to instances of being alone with the victim. The State's closing argument was premised on Defendant's testimony and was a comment intended to suggest that at least that part of the victim's testimony was credible. Under these circumstances, Defendant has failed to establish that prosecutorial misconduct occurred. No clear and unequivocal rule of law was breached. Therefore, plain error relief is not warranted, and we need not proceed with an examination of the remaining *Adkisson* factors. *See Smith*, 24 S.W.3d at 283.

## CONCLUSION

Upon careful review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE